**STATE of Missouri, Respondent,**

v.

**Kenneth Lemar RICHMOND, Appellant.**

**No. WD 31408.**

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer
Denied Feb. 2, 1981.

Application to Transfer Denied
March 9, 1981.

Patrick J. Eng, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

PER CURIAM:

This is an appeal from a conviction of assault without malice aforethought, § 559.-190, RSMo 1969, as a result of which defendant was sentenced to five years' imprisonment. He alleges error on the part of the trial court in overruling motions to dismiss for tardiness in trial, § 545.780, RSMo 1978.

Defendant was tried twice. After the first trial, which also resulted in conviction, he was granted a new trial. He claims here that the court erred in not dismissing the case before the first trial, because, as he alleged in his motion, he was not brought to trial within 180 days of his arraignment, as required by § 545.780, *supra*.

As to the second trial, which resulted in the conviction now before us, it is alleged that he was not brought to trial within 60 days after the order of the court granting a new trial. This delay, defendant says, entitled him to a dismissal of the case before the second trial under the above-cited statute.

We begin with the first trial, and the motion to dismiss filed before the trial. The arraignment took place on June 19, 1978. Appellant argues that the 180 days within which he should have been brought to trial is to be measured from the day of his arraignment, as provided by § 545.780, although the latter statute did not become effective until September 1, 1978. Defendant cites us to no case holding that the statute should be given a retroactive effect, nor does he advance any plausible argument for that position. We conclude that the 180–day period began to run September 1, 1978, on the effective date of the statute, and not at the earlier arraignment date. *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 411 (Mo. banc 1974); *Wade v. State*, 572 S.W.2d 533 (Tex.App.1978).

The trial date was February 28, 1979, 181 days after the effective date of the statute upon which appellant relies. However, the statute provides that there shall be excluded from the computation "(d)elay resulting from an examination of the defendant and hearing on his mental competency . . .", § 545.780.3(1)(a). On August 8 the court had sustained a motion for mental examination. This procedure was underway when the statute came into effect on September 1, and on October 6 the "Report of psychiatric examination" was filed in the case. Deducting the 36 days' delay for the mental examination, that is, from September 1, the effective date of the statute, to October 6, when the psychiatric report was filed, the first trial was held well within the allowable 180–day period. There was therefore no error in overruling the motion to dismiss before the first trial.

The second trial presents a more difficult question.

As earlier noted, the trial court on April 9, 1979, ordered a new trial for defendant. Our statute says that "the new trial shall commence within 60 days from the order of the judge declaring . . . a new trial . . .". The statute specifies various excludable time periods, § 545.780.3. Dismissal is authorized for failure to commence trial within the allowable time limits. The second trial was held August 30, 1979, 142 days after the order granting the new trial.

Before the second trial and on August 16, the defendant filed a motion based upon § 545.780 for dismissal because of undue delay in the trial. The motion was heard by the court on August 27 and overruled by the court on August 28. The court filed a memorandum explaining his overruling of the motion for dismissal, which will be referred to later in the opinion.

In our study of the statute upon which appellant relies, we are largely unaided by Missouri cases. The statute has been effective, as stated above, only since September 1, 1978, and it has not been closely analyzed by any appellate decision in our state.

This statute is not one which was enacted solely for the benefit of the defendant, but is also for the benefit of society. A speedy

trial may indeed work against the interests of the defendant. In many cases, the defendant would postpone the trial as long as he could. Society, however, always has an interest in the expeditious disposition of criminal accusations. The statute explicitly recognizes a public interest in Subsection 3(5)(a).[1]

The statute is a prophylactic measure. It aims to put heat on the state to galvanize it into action. As we said in *State ex rel. Saxton v. Moore*, 598 S.W.2d 586, 592 (Mo. App.1980), with respect to the Interstate Agreement on Detainers: "The stringent sanction of dismissal is a prophylactic provision, whose aim is not to give the prisoner a windfall but is to place pressure upon the state to give the incarcerated defendant a speedy trial."

■ The statute is not a substitute for the Sixth Amendment speedy trial right accorded by the Sixth Amendment to the U. S. Constitution[2] and by the Missouri Constitution, Article 1, Section 18(a), nor does it purport to define the limits of those constitutional rights. *State ex rel. Berger v.* *Superior Court*, 111 Ariz. 335, 529 P.2d 686 (banc 1974); *Gardner v. State*, 252 Ark. 828, 481 S.W.2d 342, 347 (1972); *State v. Hert*, 192 Neb. 751, 224 N.W.2d 188, 191 (1974); *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604, 610 (1972); *Beckett v. State*, 73 Wis.2d 345, 243 N.W.2d 472, 474 (1976). Much that has been written about the constitutional right to a speedy trial is applicable also to the speedy trial statutes, and in this opinion we shall draw heavily upon those decisions. *State v. Donnell*, 239 N.W.2d 575, 578–9 (Iowa 1976); *State v. Alvarez, supra*, 202 N.W.2d at 610–611. The statutory speedy trial right exists separate from, but alongside, the constitutional speedy trial right. Akin to our speedy trial statute and having the same end in view, are the Federal Speedy Trial Act of 1974, 18 U.S.C.A. §§ 3161–3174, and the Agreement on Interstate Detainers, § 222.160, RSMo 1978.

■ Since the statute is not for the sole benefit of the defendant, the defendant does not necessarily waive it by failure to demand trial. It was held under earlier statutes and under the speedy trial provi-

---

**1.** *See* Frase, *The Speedy Trial Act of 1974*, 43 U.Chi.L.Rev. 667 (1976). The author says:

An even more serious limitation to the constitutional guarantee is that it fails to protect the public interest in speedy trials, which is distinguishable from, and often in conflict with, the interests of the defendant. Many defendants, it seems, do not want a speedy trial; since the Government carries the burden of proof, the passage of time is more likely to weaken the prosecution's case and strengthen the bargaining position of the defendant. Not surprisingly, therefore, delays in state and federal criminal cases frequently exceed even the broad limits imposed under the sixth amendment.

These delays seriously weaken the effectiveness of the criminal justice system. Not only are convictions lost or "bargained down," as memories fade, witnesses disappear or lose interest, and evidence is lost, but more fundamentally there is a weakening of public respect and cooperation with a system which moves so slowly. Furthermore, even if a defendant is eventually convicted, the sentence imposed may be so removed in time from the offense that the deterrent impact and prospects for rehabilitation are attenuated. If the defendant is unable to provide assurances that he will appear for trial, he must be detained at public expense. If he is released, he may commit further crimes before finally being brought to trial, and there is evidence to suggest that the likelihood of recidivism increases substantially if he is released for more than a few months. While released he may also threaten the witnesses, tamper with evidence, or flee the jurisdiction of the court.

To protect these important public interests and to clarify the rights of defendants, Congress passed the Speedy Trial Act of 1974. Although the Act is necessarily limited to federal offenses, it embodies two extremely important and innovative concepts which, if they prove workable in the federal context, may be adaptable to state criminal justice systems. The first is the concept of an enforceable public right to speedy trial, independent of the defendant's rights and wishes. *Id.* at 668–669.

*See also* Barker v. Wingo, 407 U.S. 514, 520–522, 92 S.Ct. 2182, 2187–88, 33 L.Ed.2d 101 (1972); *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 529 P.2d 686, 690–691 (banc 1974).

**2.** The Sixth Amendment right to a speedy trial is held to be applicable to state courts through the Due Process clause of the Fourteenth Amendment to the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

sions of the Missouri and Federal Constitutions, that a defendant waives his right to a speedy trial by failure to demand a trial. *State v. West*, 484 S.W.2d 191, 193–195 (Mo. 1972); *State v. Hollis*, 584 S.W.2d 137, 143 (Mo.App.1979), and cases cited therein; *State v. Johnson*, 579 S.W.2d 771 (Mo.App. 1979). A criminal case might be continued from month to month and from year to year and, if the defendant acquiesced in the continuances, he was not entitled to dismissal for failure to accord to him a speedy trial.

Under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court of the United States (in dealing with the Sixth Amendment right to speedy trial) abolished the demand-waiver rule, and squarely held that it was the responsibility of the state to bring the defendant to trial speedily. *Id.* at 529–531, 92 S.Ct. at 2191–2192. *See also United States v. Sarvis*, 523 F.2d 1177 (D.C.Cir.1975); *United States v. Didier*, 542 F.2d 1182, 1188–1189 (2d Cir. 1976). The failure of the defendant to demand a trial did not constitute a waiver, the court said, although it was one of several factors which might be considered by the court in ruling defendant's claim of denial of speedy trial. *Barker v. Wingo, supra*, 407 U.S. at 532–533, 92 S.Ct. at 2193.

Section 545.780 adopts the *Barker v. Wingo* philosophy that a speedy trial is for the benefit both of the defendant and of society, and is not waived by the defendant's failure to demand a trial. Even continuances granted at the defendant's behest are not deducted from the time within which the trial is to commence unless the count granting the continuance *finds, and sets forth in the record of the case its reasons for finding*, that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial", § 545.780.-3(5)(a). The defendant waives the statute only by failure to file a motion to dismiss the case before trial.

Furthermore, it is not necessary for the defendant, in order to be entitled to dismissal, to show that he was prejudiced by the delay. To require a showing of prejudice to defendant ignores the public interest in a speedy trial and effectively emasculates this statute. The defendant needs only to file his motion for dismissal prior to trial, show that the trial is not commenced within the statutory time limit of 180 days or 60 days, and to show that the failure to have the trial commenced within the statutory time limit was "occasioned by the state". Subsection 5. *See State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978); *People v. McLaurin*, 38 N.Y.2d 123, 341 N.E.2d 250, 378 N.Y.S.2d 692 (1975); *People v. Beyah*, 67 Ill.2d 423, 10 Ill.Dec. 568, 367 N.E.2d 1334 (1977). So reads the statute. Prejudice to defendant may be considered by the court in determining whether to dismiss the case against defendant under the heading "facts and circumstances which led to the dismissal", Subsection 5, but failure to show prejudice to himself is not decisive.

While the statute is unequivocal in its mandate that the case be brought to trial within the specified time limits, certain described periods of delay excluded, yet when it comes to the application of sanctions the court is given a measure of discretion. Only one sanction is provided, that of dismissal. The statute says if a defendant is not brought to trial within the time limited, and if he files a motion and shows that the failure to have the trial commence within that time was "occasioned" by the state, the trial judge *may* dismiss the charge. Subsection 5. In making the determination whether to dismiss the charge, the court shall consider, among other factors, the following: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this section and on the administration of justice."

The statute read as a whole, however, implies two things about the discretion vested in the court: first, that it is a narrow rather than a broad discretion; and second, that it is a reviewable discretion.

There is no presumption of right action by the trial court. These conclusions are indicated by the requirement in Subsection 5 that "(t)he court shall make a record showing the action taken in regard to the dismissal or continuance of the case and show on the record the reasons for such action." They are further indicated by Subsection 3(5)(a) when it says: "No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this section unless the court sets forth, in the record of the case, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." There can be only one reason for these requirements that the court justify upon the record, with a degree of particularity, his ruling upon a motion to dismiss or his granting of a continuance, and that reason is to enable the reviewing court to examine the same and determine whether the rulings are thereby justified. *See* Frase, *The Speedy Trial Act of 1974, supra* at 698–699, 704–708.

Now to apply the foregoing principles to the case before us.

As noted earlier, the order for a new trial was made April 9, 1979. A hundred forty-two days passed before the commencement of the trial, far in excess of the allowable sixty days. The history of the case during this hundred forty-two day period is as follows:

April 9—Case ordered to "trial request setting docket" May 7, 1979.

May 7—Case set for June 12, 1979, Division II.

June 12—Judges of all divisions of court —I, II and III—were engaged in trial. Case "continued and cause ordered to trial request docket for setting on July 2, 1979, Division II".

July 2—Case set for trial August 2, 1979, Division II.

July 30—State files application for continuance.

July 31—State's motion for continuance granted. "Cause ordered to trial request docket for setting on August 6, 1979, Division II."

August 6—Case set for trial August 30, 1979.

August 30—Trial held and defendant convicted.

It is to be noticed that the first assigned trial date, June 12, was 62 days after the order for a new trial. The statutory time was already used up, and two days more.

The June 12 continuance seems to be perfectly justified upon the record, for it is noted in the trial docket that all the circuit judges were engaged in trial. Nothing in the record, however, undertakes to justify the length of the delay. The time lapse before the next trial date of August 2 was 53 days.

As the August 2 trial date approached, the state on July 30 filed an application for a continuance. The continuance was granted on July 31 without a contemporaneous explanation in the record before us. In the memorandum accompanying the later (August 28) overruling of the motion for dismissal, the court explained that the continuance was granted "on the ground that material witness Dr. Anasseril Daniel had been outside the United States until July 30, 1979, had commitments for treatments of patients on August 2, 1979, and was unavailable to testify." We will pass by the question whether a continuance on such grounds is an excludable time, noting only that "failure to obtain available witnesses on the part of the prosecuting attorney" is not grounds for a continuance which is an excludable period, Subsection 3(5)(b). In any case, there is in this truncated record no justification for a 28-day delay on that account.

The trial court in his memorandum overruling the motion for dismissal observed that the case was a serious one, punishable by imprisonment from two years to life, and that the jury at an earlier trial had given the defendant a sentence of ten years. Before the second trial, after the court's memorandum, the charge was reduced from "with malice" (§ 559.180) to "without malice" (§ 559.190), punishable by five years' imprisonment down to $100 fine. The court

had vitiated the first trial, for reasons undisclosed to us, and we are unable to judge whether the punishment was indicative of the seriousness of the offense. The second trial resulted in a sentence of five years' imprisonment. The information charges that the defendant assaulted his victim with hands and fists with intent to rape. His appeal bond was fixed at $5,000. This is the extent of the information which we have about the gravity of the offense.

■ It was the defendant's burden to show that the failure to have the trial commence within the time limits was "occasioned" by the state. *State v. Newberry*, 605 S.W.2d 117 (Mo.1980). What was in the legislative mind when it used the unfamiliar statutory word "occasioned", instead of the obvious legal word "caused"? Obviously the legislature intended something less than "caused". To "cause" a certain effect means to bring about that effect as a direct and immediate consequence. To "occasion" something, though, means something less. It means to furnish the occasion for. The noun "occasion" is defined: "A falling together or juncture of circumstances favorable or suitable to an end or purpose, or admitting of something being done or effected; an opportunity ... Something that contributes to produce an effect, by providing the opportunity for the efficient cause to operate; a subsidiary or incidental cause. Distinguished from *cause* = 'efficient cause'". Oxford English Dictionary. A delay may be "occasioned" by the state by mere neglect, by failure actively to move the case forward, by simple inertia, when the delay could not be said to have been "caused" thereby. Since it is the state's duty and responsibility to bring the case to trial, and not that of the defendant, *Barker v. Wingo, supra; United States v. Didier, supra; United States v. Sarvis, supra*, the defendant has sustained his burden of proof to show the delay was "occasioned by the state" when he shows upon the face of the record that the state failed to bring him to trial within the time limit. It then becomes the state's burden to show the excludability of any part of the delay. *Cf. State ex rel. Hammett v. McKenzie*, 596 S.W.2d 53, 59–60[6] (Mo.App.1980).

The court in its memorandum correctly observes that a dismissal and a reprosecution would simply duplicate earlier steps already taken and would require a special resetting of the case for trial. A great deal of inconvenience, time and expense would be occasioned by the dismissal and reprosecution of the case. That would be true of any case which was dismissed at this stage, but it is no ground to deny dismissal. Thereby the purposes of the statute would be served. By the interpretation and application which we have given to the statute, it will serve its purpose.

The statutory period of 180 days' "free" time for the first trial, and 60 days for the second, when enlarged by a variety of excludable periods, is sufficient even in this day of crowded criminal dockets to bring criminal cases to trial.

■ We have concluded that the defendant has met his burden of showing that the delay and the commencement of his trial was occasioned by the state. The trial court has not justified upon the record the continuances or the denial of the dismissal.

The cause is remanded with directions that the court order the dismissal of the case either with prejudice or without prejudice as he may determine in his discretion under Subsection 5 of the statute.