**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**David Joseph McCLURE,**
**Defendant-Appellant.**

**No. 12376.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 13, 1982.

---

John D. Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William J. Cason, Michael X. Edgett, Fred R. Bunch, Cason, Edgett & Bunch, Clinton, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of burglary in the second degree and sentenced to four years imprisonment. He presents three "POINTS RELIED ON" for our consideration.

In his first point he contends that the trial court erred in overruling his motion to dismiss because his trial commenced more than 180 days after arraignment in violation of § 545.780, RSMo 1978, and because the trial judge did not give a reason for denying his motion.

Defendant was arraigned on September 15, 1980, in Bates County and at that time trial was set for December 18, 1980. Defendant filed a petition requesting a change of venue on December 5, 1980. On December 15, 1980, the trial court sustained the request and transferred the case to St. Clair County. It was received there on December 18, 1980. On December 19, 1980, the state filed a "MOTION TO SET TRIAL DATE" and notice calling up the motion for January 5, 1981. On January 5, 1981, the trial court set the case for trial on May 12, 1981. On the morning of May 12, 1981, before the trial commenced, defendant filed a motion to dismiss based on § 545.780. Neither side offered any evidence on the motion and the trial court overruled it. The trial then commenced and was concluded on that day.

■ To be entitled to a dismissal under § 545.780, the defendant must file a motion prior to trial and show that the failure to have the trial within the time limit was "occasioned by the state". *State v. Richmond*, 611 S.W.2d 351, 355 (Mo.App.1980). Generally, if he shows that the state failed to bring him to trial within 180 days the state has the burden to show the excludability of any part of the delay. Id. 611 S.W.2d at 357. The state contends that the delay here was due to the change of venue taken by defendant and that under the holding of *State v. Newberry*, 605 S.W.2d 117, 124 (Mo.1980), defendant had the burden of showing that the change of venue was not the cause of the delay, which he did not show.

The only reference to change of venue in § 545.780 is in subsection 3. It states in part:

"3. The following periods of delay shall be excluded in computing the time within which the arraignment or trial of any such offense must commence:

(1) Any period of delay resulting from other criminal proceedings concerning the defendant, including but not limited to:

(a) Delay resulting from an examination of the defendant and hearing on his mental competency or physical incapacity;

(b) Delay resulting from trials with respect to other charges against the defendant;

(c) Delay resulting from hearings on pretrial motions;

(d) Delay resulting from a change of venue; and

(e) Delay reasonably attributable to any period, not to exceed thirty days dur-

ing which any proceeding concerning the defendant is actually under advisement".

■ Were we reading only that part contained in the clause headed by (1), we might be inclined to believe that the following lettered paragraphs only pertain to proceedings in other criminal cases. However, in analyzing (a) through (e), we come to the conclusion that "other criminal proceedings" is not limited to other criminal cases but includes proceedings in this case other than arraignment and trial. If the matters mentioned in (a), (c), (d), and (e) did not pertain to the case in question, then in many cases in which one or more of them occurred, it might be impossible to have a trial within 180 days; and paragraph (b) specifically refers to delay caused by trials "with respect to other charges", whereas the other lettered paragraphs are not so limited. Also, we read *State v. Newberry*, supra, 605 S.W.2d at 123–124, as holding that the reference to change of venue is applicable to the case under consideration. *Newberry* states that delay resulting from a change of venue shall be excluded in computing the time within which the trial must commence, and defendant has the burden of demonstrating that the change of venue which he requested was not the cause of the delay. 605 S.W.2d at 124.

■ The record does not indicate any reason why defendant would not have been tried on December 18, 1980, if he had not requested a change of venue. If the trial had begun on that date it would have been well within the time stated in § 545.780. Trial was held 145 days after the case was received in St. Clair County. Defendant did not show that the change of venue was not the cause of the delay and thus failed to sustain his burden of showing that the delay was attributable to the state. Under these circumstances, refusing to dismiss the charges was certainly not an abuse of the "narrow" discretion which *State v. Richmond*, supra, 611 S.W.2d at 355, states is afforded the trial judge by Subsection 5 of § 545.780. See also *State v. Evans*, 606 S.W.2d 789, 791 (Mo.App.1980).

■ Section 545.780.5, RSMo 1978, provides in part that the "court shall make a record showing the action taken in regard to the dismissal or continuance of the case and show on the record the reasons for such action." The action taken was shown but no reason was given. The trial court is required to give the reason for the ruling to enable the reviewing court to determine whether the ruling was justified. *State v. Richmond*, supra, 611 S.W.2d at 356. It is obvious to us that the trial court did not believe that the defendant had shown that the delay was occasioned by the state. While the reason should have been stated, we believe that no prejudice to defendant could have resulted by the trial court not setting it forth. We are able, with the information before us, to determine whether the ruling was justified. This point is denied.

■ Defendant contends that the verdict directing instruction was erroneous because it did not have a cross-reference to defendant's "special negative defense" instruction. Defendant offered and the trial court gave an instruction on intoxication patterned after MAI–CR2d 3.30.1. Paragraph 6 of the Notes on Use under 3.30.1 provides that an intoxicated or drugged condition is a "special negative defense" and the verdict directing instruction must contain a reference to it. That was not done here. The state agrees, as the Notes on Use clearly state, that a cross-reference should have been contained in the verdict directing instruction. It contends, however, that defendant's failure to object to the instruction during trial prevents the error in it from being preserved for our review. Rule 28.03 does not require an objection to an instruction at trial to preserve error in it if the error is specifically raised in a timely motion for new trial. *State v. Jones*, 564 S.W.2d 930, 932 (Mo.App.1978). As this point was specifically raised in defendant's motion for new trial, it was preserved for our review.

■ The state also contends that even if this error is reviewable, it was not prejudicial to defendant. In making this determination we follow certain principles. The

Notes on Use in MAI–CR are to be observed without variation. *State v. Grady*, 577 S.W.2d 930, 931 (Mo.App.1979). The giving of an instruction in violation of the Notes on Use in MAI–CR constitutes error, its prejudicial effect to be judicially determined. Rule 28.02(e). Such error is deemed prejudicial unless the contrary clearly appears. *State v. Boyington*, 544 S.W.2d 300, 304 (Mo.App.1976). The burden is on the party deviating from MAI–CR to show that the deviation is not prejudicial. *State v. Phillips*, 583 S.W.2d 526, 530 (Mo. banc 1979). We review the instructions together to determine if there is prejudicial error in the submission of a particular instruction. *State v. Harris*, 602 S.W.2d 840, 847 (Mo.App.1980).

The state contends that there was no prejudice to defendant as the intoxication defense instruction cross-referenced the verdict director. We think there is logic in the state's position but if we so held we would in effect be eliminating the cross-reference required in the verdict director by Note 6 of MAI–CR2d 3.30.1. If the reference in 3.30.1 to the verdict director was sufficient, then there would be no reason to require a reference in the verdict director to 3.30.1. We assume that in adopting MAI–CR2d the supreme court felt that such a cross-reference was necessary to insure that the jury would follow "special negative defense" instructions. Viewing it in that posture, we believe that omitting the cross-reference might have been prejudicial and we cannot say that the contrary clearly appears.

A verdict directing instruction which purports to cover the whole case and ignores a defense supported by the evidence constitutes reversible error and the error is not cured by a separate instruction covering the defense. *State v. Fox*, 510 S.W.2d 832, 836–837 (Mo.App.1974). See also *State v. Foster*, 631 S.W.2d 672 (Mo.App. Eastern District 1982). We hold that the failure to include a reference in the verdict director to the intoxication instruction constituted prejudicial error entitling defendant to a new trial.

Defendant's remaining point is not likely to arise upon a retrial so we do not consider it.

The judgment is reversed and the cause remanded for a new trial.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.