STATE of Missouri, Plaintiff-Respondent,

v.

John Henry O'NEAL, Defendant-Appellant.

No. 44132.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 7, 1982.

William E. Albrecht, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

John Henry O'Neal, hereinafter referred to as defendant was found guilty of second degree assault under § 565.060 RSMo 1978 and sentenced to 10 years as a persistent offender under § 558.016 RSMo 1978. On the evening of May 13, 1980 defendant, the victim John Hancock, along with a woman Carolyn Thomas and her daughter Angela drove into a St. Louis gas station. The service station attendant testified that the defendant, the victim and Carolyn Thomas were arguing. The victim was intoxicated. Subsequently, Carolyn Thomas got out of the auto and with a knife stabbed the victim in the chest as he sat in the driver's seat. The argument continued and Carolyn Thomas stated that she wanted her gun. A later search of the auto and nearby area found no gun or other weapons. When the victim got out of the auto and attempted to open the trunk, defendant began hitting the victim with his fists. The defendant and the victim continued "scuffling". During the fight the defendant was knocked down. The defendant then hit the victim and when the victim fell backwards, defendant started to kick him in the head. This continued for approximately 5 minutes with the defendant kicking the victim 10 to 15 times. Defendant lost his shoe, retrieved it, and continued to stomp and kick the victim in the head. The defendant was heard to say "I'm making sure the son-of-a-bitch is dead". The defendant gave the knife back to Carolyn Thomas and told her to get rid of it. The victim later died from the stab wound. When the police arrived, defendant stated he hoped the victim was dead.

Defendant was arraigned on June 6, 1980 and entered a plea of not guilty. The case was finally assigned to trial for January 20, 1981, 228 days after the arraignment. Between the date of arraignment and the trial date the case was continued five times as follows: July 24, 1980 for want of time to try; September 11, 1980 prosecuting attorney in trial; October 20, 1980 requested by defendant; November 26, 1980 want of time to try; and finally December 19, 1980 when an essential state's witness was in California. Prior to trial defendant filed a motion to dismiss for unexcused delays. The motion was heard and overruled.

Defendant first contends that the action of the trial court in overruling his motion to dismiss was a denial of his rights under § 545.780 RSMo 1978 commonly known as the Speedy Trial Act. Subsections 2 and 3(2) of the statute provide in pertinent part that:

"2. When a plea of not guilty is entered at an arraignment the trial shall commence within 180 days of arraignment. 3. The following delays shall be excluded in computing the time within which the arraignment or trial of any such offense must commence.

(2) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.... A defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence...."

■ In the instant case, five continuances were granted resulting in 228 days delay between arraignment and trial. As defendant points out 37 days of the delay was occasioned by the defendant and therefore excludable in the computation. The case was also continued for the state because an essential state witness was in California the week of December 15, 1980. Clearly, this is properly excludable from computation bringing the unexcused delay to 159 days, a period well within the time restraints imposed by § 545.780 RSMo 1978.

Subsection (2) of the act expressly provides that any delay resulting from the absence or unavailability of an essential witness is excluded in the computation of the 180 day period. Defendant argues that the record does not: identify the witness; indicate why the witness was essential to the state's case; or, contain any other facts from which it could be determined or reasonably inferred that the continuance was attributable to the absence or unavailability of an essential witness.

While we believe it would be a better practice for the trial judge to identify the witness and the basis for the witness being essential, the record does demonstrate that the trial judge did find the state's witness was in California and that the ends of justice served by the granting of such a continuance outweighed the best interests of the public and the defendant in a speedy trial.[1] We find the trial court fulfilled the requirements of the statute.

■ In addition, even if the delay was not excludable, the Missouri Statute does not mandate dismissal merely upon a showing of noncompliance with the statute. Specifically, § 545.780(5) RSMo 1978 provides that the trial judge may dismiss upon motion by the defendant and a showing that the failure to have the trial commence within time limits specified herein was occasioned by the state. On the basis of the record in this case the trial court would have had no basis for finding that the defendant had sustained the latter burden. All of the delays were not caused by positive action by the state nor may they be attributed to inertia or neglect on the state's part. *See State v. Richmond,* 611 S.W.2d 351 (Mo.App.1980). We believe the trial judge examined the factors that led to the delay of trial. He also considered the seriousness of the offense, the impact of a reprosecution on the administration of this section and the administration of justice as provided in § 5 of the statute and found that sustaining the motion to dismiss would not serve the ends of justice. As such defendant's claim of denial of a statutory right is denied.

■ Secondly, defendant alleges that the trial court improperly refused his instruction regarding the lawful defense of another. We find this contention to be without merit. "A person who intervenes to defend another acts in the stead of the other, so that force by the intervenor is justified to the same extent force by the party would be justified." *See State v. Grier,* 609 S.W.2d 201, 204 (Mo.App.1980), *State v. Taylor,* 610 S.W.2d 1 (Mo.1981). The evidence clearly shows that Carolyn Thomas was the aggressor. She had been arguing with the victim and fatally stabbed him with a knife. As she was not entitled to use self-defense, defendant was not entitled to use force to defend her. Even assuming defendant was defending Carolyn Thomas, he was not entitled to use the force he did by kicking the victim in the

---

1. It should be noted that in this case the order in question was not entered by the trial judge.

head in an attempt to kick him to death. Such vicious acts exceeded the scope of defending another. *State v. Grier, supra,* and *State v. Nunes,* 546 S.W.2d 759, 764 (Mo.App.1977). As such the trial court properly refused defendant's instruction. Point denied.

Judgment affirmed.

GUNN and SIMON, JJ., concur.