STATE of Missouri, Respondent,

v.

Joseph Arnold HULSEY, Appellant.

No. 44639.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 4, 1983.

Motion for Rehearing or Transfer to
Supreme Court Denied Feb. 10, 1983.

Harold L. Whitfield, St. Louis, P.E. Morgan, Mittendorf & Mittendorf, Union, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his convictions of sodomy and second degree robbery and the judicially enhanced consecutive sentences of thirty and ten years.

The evidence supports a finding that defendant gained access to the home of the victim, had forcible anal intercourse with him, and through the use of physical force took money from him. Defendant presented evidence to support an alibi. On appeal defendant raises three issues, only one of which we need consider.

Defendant challenges the trial court's failure to dismiss the information because of violation of Sec. 545.780 RSMo 1978, the Speedy Trial Act. The Speedy Trial Act became effective on September 1, 1978. Since that date numerous cases have been

decided by the appellate courts of this state involving that act. Two can be considered as delineating the principles to be applied in dealing with cases similar to this arising under the statute. The leading case interpreting the statute is *State v. Richmond,* 611 S.W.2d 351 (Mo.App.1980). The thrust of *Richmond* can be summarized as follows: (1) the Act is intended equally to benefit the interests of the public and the defendant to a speedy trial;[1] (2) Sec. 545.780.-3(5)(a) requires that any period of delay resulting from the granting of a continuance is to be included in the 180 day trial limitation period unless the judge finds, and sets forth his reasons for finding, that the ends of justice served by granting the continuance outweigh the benefits of a speedy trial;[2] (3) expiration of 180 days of non-excluded time between arraignment and trial establishes *prima facie* that defendant has carried his burden that the delay was "occasioned by the state"; (4) a delay is "occasioned by the state" not only when actively caused by the state but when the delay is the product of mere neglect, inertia, or failure to actively move the case forward; (5) the trial court has discretion not to dismiss the case upon violation of the time constraints, but that discretion is narrow and reviewable on appeal. The second case, *State v. Franco,* 625 S.W.2d 596 (Mo.1981), appears to accept the rationale of *State v. Richmond, supra,* except for item three. As to that item the Supreme Court held that even with a delay in excess of 180 days the burden to establish that the delay was occasioned by the state was upon the defendant.

■■■ With those cases in mind we believe that in analyzing defendant's contentions the following considerations are pertinent. The statute is intended to require the state to diligently pursue the prosecution of the case. It may not place the burden of such pursuit upon the defendant, nor may it through inertia, negligence or intent delay trial. The trial court bears the burden of preventing delay by the state under its obligation to deny continuances requested by the prosecution in the absence of compelling reasons, and its obligation not to continue cases because of general congestion of the docket. § 545.780.3(5)(a) & (b). The statute, impliedly at least, requires the trial court to exercise restraint in granting continuances *sua sponte* or at the request of the defendant. Because the statute provides a remedy beneficial to the defendant, he may not use delays requested or caused by him to achieve that remedy. Defendant carries his burden of showing that the delays were occasioned by the state when he establishes that he did not cause or request the delays which led to the 180 day limit being exceeded.

■■■ We turn now to the facts of this case. The parties are in agreement that defendant was arraigned on September 4, 1979. On that date he requested the case

1. We are not convinced this conclusion flows inexorably from the statute. While paragraph 3(5)(a) makes reference to the interest of the public, the statute also provides that delay becomes an issue only if raised by the defendant, § 545.780.5; there is no authority to dismiss the case in the interest of the public; the delay resulting in dismissal must be "occasioned by the state" so delay alone is not the primary evil, § 545.780.5; continuances can be excluded from the time limitations in every case except where the continuance is granted to the state without the consent of the defendant, § 545.780.3(5)(a). These provisions could lead to the conclusion that the predominant thrust of the act is to benefit the defendant for delay caused by the prosecutor. Comparison with the far stricter provisions of the federal act, 18 U.S.C. §§ 3161, 3162 bolsters such a conclusion.

2. We also entertain some doubts about this conclusion. Grammatically, the finding concerning the ends of justice in Sec. 545.780.-3(5)(a) is required only as to the last continuance referred to in that sentence. The sentence following requiring the judge to give his reasons for his finding arguably applies only if a finding is required in the first place. *State v. Franco, infra,* treats all continuances granted without the judicial finding as non-excludable, but then in practical effect makes defendant-requested continuances (and presumably those ordered by the judge *sua sponte*) excludable, under the requirement that the prohibited delay must be "occasioned by the state." § 545.780.-5; *State v. Reed,* 640 S.W.2d 188 (Mo.App. 1982) [5]. We believe the interpretation based on the grammar used, referred to above, would obviate this inconsistency.

be passed until September 17 for the filing of motions. That was done. On September 17 defendant filed a motion for psychiatric examination. That motion was granted and the report of the examination was filed October 31, 1979. The time between arraignment and November 1, 1979, was utilized for defendant's purposes and was excluded under Sec. 545.780.3.

The state concedes that 62 days between November 1, 1979 and January 2, 1980, when a trial setting was requested by the state, was chargeable to the state. On February 5 the case was set for trial on March 11, 1980. On February 22, 1980, defendant moved for a change of venue, which was granted February 28. We hold that all of the time from January 2 until April 9, 1980, when the cause was filed in St. Charles County, was excludable. Defendant's motion for change of venue obviated the state's request for trial and the setting obtained on February 5. On April 9 the state was back to where it had been on January 2 through no fault of its own and because of defendant's actions. *See State v. McClure,* 632 S.W.2d 314 (Mo.App.1982) [3]. From April 9 until October 16, 1980, the record reflects nothing. On the latter date the defendant filed his motion to dismiss for violation of Sec. 545.780. The time from October 16 until trial on May 14, 1981, was attributable to defendant's motion and his subsequent efforts to obtain extraordinary relief from this court and the Supreme Court. We find all of that time excludable. The time elapsed between April 9, 1980 and October 16, 1980 is 189 days which added to the earlier consumed 62 days totals 251 days, well beyond the 180 day limitation.

The state attempts to exclude much of the 189 days on the basis that an essential witness, the victim, was not available because of eye surgery. The only support for this in the record is a brief reference by the victim during the trial in May 1981, that he had at some undescribed time after the attack had cataracts removed and statements during the state's argument and in its trial brief on defendant's motion to dismiss in October 1980, that the victim had been unavailable between May 29 and September 24. The prosecuting attorney at that argument referred to a trial setting of June 4, 1980, but the record contains no indication of any such setting. There was no request for continuance because of unavailability of the victim and nothing of record to demonstrate that the delay between April and October was for that reason. No evidence to support the claim of non-availability was offered. The trial court, contrary to Sec. 545.780.5, gave no reasons for denying the motion for dismissal.

On the record before us we find 251 days of non-excluded time between arraignment and trial. Defendant carried his burden of demonstrating that the delay was occasioned by the state through intent, neglect or inertia by establishing the unexplained delay. The state presented no evidence to explain the delay. The trial court gave no reason for denying defendant's motion to dismiss, so we have no basis for finding an exercise of discretion pursuant to the standards set forth in the statute. We agree with *State v. Richmond, supra,* that the discretion of the trial court is a limited one, otherwise the statute has no meaning at all. We find nothing in this record to support the court's discretion in denying the motion to dismiss.

Judgment reversed and information dismissed. Cause remanded to the trial court for the limited purpose of determining whether the dismissal is to be with or without prejudice under Sec. 545.780.5, RSMo 1978.

PUDLOWSKI, P.J., concurs.

KELLY, J., concurs in result.