**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John M. NEWMAN,
Defendant-Appellant.**

**No. 12938.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 10, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied June 1, 1983.

Application to Transfer Denied Aug. 16, 1983.

John D. Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James D. McNabb, Acting Public Defender, Springfield, for defendant-appellant.

PREWITT, Judge.

Appellant was convicted of burglary in the first degree, § 569.160, RSMo 1978, and sentenced to seven years' imprisonment. He contends that the trial court erred in failing to dismiss the charge because he was not tried within 180 days following his arraignment and the delay was occasioned by the state. See § 545.780, RSMo 1978.

Appellant was arraigned on March 5, 1982. On September 10, 1982, the 189th day thereafter, appellant filed a motion requesting the court to dismiss the case because of § 545.780. After a hearing, on September 10, 1982, the motion was denied and appellant was tried and convicted later that day.

Before denying the motion the trial judge noted that trial was continued from June 21, 1982, because appellant's then attorney withdrew on June 17, 1982, and a continuance was necessitated by a change of counsel. The judge said that the next time that

appellant could have been tried was on July 26, 1982, and that on July 20, appellant filed a motion to suppress which he was not able to schedule for a hearing in time to have the trial on the 26th. This necessitated the delay until the date of trial.

 To be entitled to a dismissal under § 545.780, appellant must show that the failure to have the trial within the time limit was "occasioned by the state". *State v. McClure,* 632 S.W.2d 314, 315 (Mo.App. 1982). The delay caused by changing counsel was obviously not occasioned by the state and the delay caused by the motion to suppress is expressly excluded from the computation of the 180 days. Section 545.-780.3(1)(c) provides that "Delay resulting from hearings on pretrial motions" be excluded in computing the 180 days.

It is obvious that actions of appellant and his counsel resulted in more than a nine-day delay, making the trial timely. Even if it was not, overruling appellant's motion was not an abuse of the discretion afforded the trial judge by subsection 5 of § 545.780. See *State v. Richmond,* 611 S.W.2d 351, 355 (Mo.App.1980). See also *State v. Evans,* 606 S.W.2d 789, 791 (Mo.App.1980).

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.