**STATE of Missouri, Respondent,**

v.

**Percy COOKSEY, Appellant.**

**No. WD 43414.**

Missouri Court of Appeals,
Western District.

March 19, 1991.

Stephen J. Harris, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and GAITAN, JJ.

GAITAN, Judge.

Percy Cooksey was convicted of unlawful use of a weapon under Mo.Rev.Stat. § 571.030.1(4) (1986), by a Cole County

jury. Cooksey (appellant) appeals the conviction arguing that: (1) the jury panel did not reflect the racial composition of the community and thus denied him a jury selected from a cross-section of the community in violation of the United States and Missouri constitutions; and (2) the trial court erred in submitting verdict directors without a cross reference to the affirmative defense instructions.

Appellant was involved in an altercation with another inmate while incarcerated in the Missouri State Penitentiary. Specifically, appellant accosted a fellow inmate with a weapon much like an ice-pick, stabbing the victim numerous times. As a result of this altercation, appellant was indicted for possession of a weapon about the premises of a correctional institution, Mo.Rev.Stat. § 217.360.1(4) (Supp.1990), and unlawful use of a weapon, Mo.Rev.Stat. § 571.030.1(4) (1986). The jury found appellant guilty of unlawful use of a weapon. Appellant attacks the validity of this conviction and appeals.

■■■ Both the United States Constitution, through the Sixth and Fourteenth Amendment, and Missouri Constitution, in Article One, sections 18(a) and 22(a), guarantee a criminal defendant the right to select a jury from a fair cross-section of the community. *State v. Smith*, 737 S.W.2d 731, 733–34 (Mo.App.1987) (citing *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986); *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)); *see also State v. Bruce*, 745 S.W.2d 696, 697–98 (Mo.App.1987). However, as appellant acknowledges in his brief:

> In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process.

*State v. Shaw*, 646 S.W.2d 52, 55 (Mo. banc 1983); *see also State v. Williams*, 659 S.W.2d 778, 780 (Mo. banc 1983). Appellant has failed to establish a prima facie violation of the fair-cross-section requirement. Nowhere has appellant produced evidence, or even alleged, that any purported black nonrepresentation on the venire was the result of "systematic exclusion." Appellant seems to argue that merely alleging that there were no blacks on the venire is sufficient to satisfy "systematic exclusion." *Shaw* is clearly dispositive of this argument. "[S]ystematic exclusion of a distinctive group is not established by the nonrepresentation or underrepresentation of the group on a particular jury panel." 646 S.W.2d at 55 (citing *State v. Ball*, 622 S.W.2d 285, 291 (Mo.App.1981)). Under the reasoning stated in *Shaw*, appellant has not satisfied his burden of presenting a prima facie case of a constitutional violation. Accordingly, his first argument is denied.

■■ Appellant next argues that he was prejudiced by the submission of verdict directing instructions to the jury that failed to provide cross references to an affirmative defense instruction. Significant to our review is the fact that appellant failed to either object to the instructions at trial or argue the alleged erroneous instructions as a basis for granting a new trial as required by Rule 28.03. This failure of defendant's confines our inquiry to a search for plain error. *State v. Moland*, 626 S.W.2d 368, 370 (Mo. banc 1982). "For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice." *State v. Parkus*, 753 S.W.2d 881, 888 (Mo. banc), *cert. denied*, 488 U.S. 900, 109 S.Ct. 248, 102 L.Ed.2d 237 (1988). Appellant has failed to carry the burden of showing plain error.

■■ Rule 28.02(c) mandates that appropriate MAI–CR instructions and Notes on Use be used whenever applicable. Failure to do so "shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(f). The court submitted MAI–CR3d 308.20, entitled "Justification: Emer-

gency Measures," to the jury. The Notes on Use following this instruction require that "[i]f this instruction is given, there will be a cross reference in the verdict director." Paragraph 5, Notes on Use, MAI–CR3d 308.20. The trial court did not provide a cross reference in the verdict directors and consequently was in error under Rule 28.02(f). Finding "error" under Rule 28.02(f), however, is not sufficient to overturn the verdict. The rule imposes a duty upon the appellant to prove a "prejudicial effect" of this omission. Further, given appellant's failings under Rule 28.03, it is not adequate to merely show some form of prejudice. Rather, appellant must show a level of prejudice sufficient to establish the existence of plain error. Prejudice under the plain error rule exists only where the error complained of "impact[s] so substantially upon the rights of [a] defendant that manifest injustice or a miscarriage of justice will result if left uncorrected." *State v. Driscoll*, 711 S.W.2d 512, 515 (Mo. banc), *cert. denied*, 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

Appellant utterly fails to approach satisfying the standard for plain error. Appellant cites to *State v. McClure*, 632 S.W.2d 314 (Mo.App.1982), where the Southern District Court of Appeals held that failure of the trial court to provide a cross reference to a special negative defense instruction could not be said to be harmless error. The *McClure* decision does not support appellant's position in that the defendant in *McClure* complied with Rule 28.03 by raising an objection to the instruction in his motion for a new trial. Therefore, the standard of review is fundamentally different. In *McClure*, the court reviewed merely for prejudice, not manifest injustice or a miscarriage of justice as is required in a review for plain error.

The transcript reveals that the jury was made aware of the affirmative defense instruction in closing arguments by both the prosecution and the defense. Appellant has failed to show in any way that the jury either was unaware of the affirmative defense instruction or failed to use it in their deliberations. The appellant has provided no convincing argument demonstrating the

level of prejudice necessary to reverse under the plain error standard. *See Parkus*, 753 S.W.2d at 888. Therefore, the judgment of the trial court is affirmed.

All concur.