**STATE of Missouri, Respondent,**

v.

**Daniel MONTGOMERY, Appellant.**

**No. 40967.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1980.

Frank R. Fabbri, III, Asst. Public Defender, Robert C. Babione, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, James R. Cumbee, Lisa M. Camel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PER CURIAM.

Defendant was convicted in the Circuit Court of the City of St. Louis of forcible rape and sodomy. Under the Second Offender Act, the court sentenced him to thirty years in the Department of Corrections for the offense of forcible rape and fifteen years in the Department of Corrections for the offense of sodomy, these sentences to run consecutively. Defendant appeals from that judgment.

The incident occurred on the morning of September 8, 1976. The prosecutrix had dropped her son off at school and was waiting to catch a bus on the corner of Maple and Goodfellow when a man who had been standing on another corner of these two streets, crossed the street and approached her. The man indicated that he had a gun, and that she would not be hurt if she did as he said. She was forced to accompany the man down the street to a vacant house and then compelled to enter a closet on the third floor of the building where from 8:30 a. m. to 12:00 p. m. he raped and sodomized her. After the man left her, the prosecutrix dressed and called the police who came to the scene. Nineteen days after the incident, the prosecutrix picked the defendant out of a lineup as the man who had committed the offenses.

As his first point, defendant claims that his Motion to Suppress Identification Testimony should have been granted because he was denied his right to have counsel present at the lineup. The lineup was conducted at police headquarters. Apparently, prior to the lineup, informations had been filed against defendant charging him with other

offenses,[1] but no charges had yet been lodged against him as to this rape and sodomy.

It is clear that a "post-indictment [or post-information] pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution" *Gilbert v. California*, 388 U.S. 263, 272, 87 S.Ct. 1951, 1956, 18 L.Ed.2d 1178 (1967), and that defendant is entitled to have counsel present at such a lineup. *United States v. Wade*, 388 U.S. 218, 237, 87 S.Ct. 1926, 1937, 18 L.Ed.2d 1149 (1967); *State v. Nylon*, 563 S.W.2d 540, 544 (Mo. App.1978). In *Gilbert*, the court adopted a per se exclusionary rule as to identification testimony offered at trial concerning a post-indictment lineup at which counsel for the defendant was not present. *Id.* 388 U.S. at 273, 87 S.Ct. at 1957. However, what has become known as the *Wade-Gilbert* exclusionary rule applies only to post-indictment lineups and not to lineups conducted prior to the commencement of formal criminal prosecution. *Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). Our Supreme Court has recently reaffirmed its adherence to *Kirby* in *State v. Quinn*, 594 S.W.2d 599 (Mo. banc 1979) wherein it stated: "[T]he rule remains the same that a pre-indictment, pre-information lineup is not a stage of the prosecution at which defendant[s] are constitutionally entitled to counsel."

■ Defendant urges us to extend the *Wade-Gilbert* rule to encompass situations, such as the one here, where the defendant has been formally charged with other offenses and is required to participate in a lineup for a crime which he has not yet· been charged. This court declined such an invitation in our recent case of *State v. Mason*, 588 S.W.2d 731, 735 (Mo.App.1979) and we perceive no reason to deviate from the holding of that case here. We rule this point against defendant.[2]

Defendant next argues that the lineup was so unnecessarily suggestive and condu-cive to misidentification as to deny him due process of law. We evaluate this claim in the light of the totality of the circumstances surrounding the lineup. *Simmons v. United States*, 390 U.S. 377, 382–83, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247 (1968); *State v. Bivens*, 558 S.W.2d 296, 299 (Mo.App.1977), in order to determine if the lineup violated defendant's right to due process of law. Each case must be appraised on its own facts to ascertain if the pretrial confrontation was so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U.S. 188, 197, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); *State v. Ralls*, 583 S.W.2d 289, 291 (Mo.App.1979).

■ Three black males, including the defendant, were participants in the lineup. All three men were approximately the same height and weight. All three wore casual clothing, and two of the three men, one being defendant, had facial hair. One man had somewhat lighter skin than the defendant, and also had facial marks which the defendant did not have. The other man appeared to be somewhat younger than defendant. We have carefully examined the record and find no hint of any improper conduct on the part of the police insofar as their attempting to influence the victim's identification.

■ As we stated in *State v. Bivens*: Mere showing of minor dissimilarities in physical appearance of lineup participants is insufficient to establish impermissible suggestiveness. Persons in a lineup will never be identical to one another. The law does not require exact conformity to insure an untainted identification procedure. The participants in a lineup need only be reasonably similar to one another so that no one individual clearly stands out from the rest. "Police Stations are not theatrical casting offices; a reasonable effort to harmonize the lineup is nor-

---

1. The record does not reveal what other charges had been filed against defendant.

2. The trial court found that defendant had waived his right to an attorney and we believe the record sustains the court's determination.

mally all that is required." [citations omitted]

558 S.W.2d at 299.

Moreover, we also conclude that the victim's in-court identification had a basis independent of the lineup and was admissible even if the lineup was unduly suggestive. The victim was with the defendant for approximately three and one-half hours and had an excellent opportunity to view and identify him. As we have said on other occasions, "[n]o other crime offers a greater opportunity for the observation of its perpetrator as does the crime of rape." *State v. Gorman*, 584 S.W.2d 420, 424 (Mo.App.1979). *See also State v. Green*, 515 S.W.2d 197, 199 (Mo.App.1974). Defendant's second point is without merit.

In his final point, defendant contends, citing *State v. DeGraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), that the court committed reversible error when it permitted a police officer to bolster the credibility of the victim by testifying as to her extrajudicial identification of defendant.

The alleged objectionable testimony occurred during the direct examination of Officer Elmer Morris, who was present when the victim viewed the lineup.

Q. Are there any instructions that you give someone when they view a lineup?

A. Yes.

Q. Did you give those instructions to [the victim]?

A. No.

Q. Why didn't you?

A. Because as I started to give her the instructions, she immediately stated, "That's him."

The state contends that *DeGraffenreid* is not applicable to this case. It argues, citing our case of *State v. Carter*, 557 S.W.2d 47 (Mo.App.1977), that Morris' testimony concerned only specific lineup procedures and did not amount to a corroboration of the victim's extrajudicial identification of defendant. Here, Morris testified subsequent to the victim's testimony relating to her extrajudicial identification. We believe Morris' testimony necessarily signified to the jury that the victim had identified the defendant at the lineup and therefore amounted to corroboration of the victim's extrajudicial identification.

■■■ We believe that this evidence, although erroneously admitted, is harmless error. We are mindful that error in the admission of evidence should not be declared harmless unless it is so without question. However, error which in a close case might call for reversal may be disregarded as harmless when evidence of guilt is strong. *State v. DeGraffenreid*, 477 S.W.2d at 64. Here, the victim was with the defendant for a period of three and one-half hours and had ample opportunity to identify him. She provided the police with a description substantially similar to the defendant and *immediately* identified him at the lineup and at trial. Her lineup identification of defendant is further bolstered by the fact that she did not mistakenly identify someone else as defendant when shown approximately forty to fifty photographs. The record is void of any hint that the state improperly emphasized Morris' testimony concerning the prosecutrix' extrajudicial identification to the jury. *Cf. State v. Wright*, 582 S.W.2d 275 (Mo. banc 1979) (state *improperly* emphasized evidence).

Having reviewed all the allegations of error presented, we affirm.

Judgment affirmed.

All Judges concur.