**STATE of Missouri, Respondent,**

v.

**Thomas Lee FLOYD, Appellant.**

**No. 42968.**

Missouri Court of Appeals,
Eastern District,
Division No. 3.

April 21, 1981.

Motion for Rehearing and/or Transfer to Supreme Court June 12, 1981.

Application to Transfer Denied
July 14, 1981.

Robert W. Meyer, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury for the offense of robbery in the second degree, § 569.030, RSMo 1978, and was sentenced to a term of eight years in the Division of Corrections. He now appeals.

The evidence shows the following facts. On the afternoon of June 25, 1979, Robert Lanfersieck was working as the clerk in a convenience food store in Wellston when two men entered the store. The shorter of the two men pointed a revolver at Lanfersieck, and the taller man, who was holding a knife, announced that it was a holdup. Lanfersieck was ordered to lie down on the floor behind the check-out counter, and did so. The taller robber walked around the counter, emptied the cash register (which contained a silent burglary alarm), and took Lanfersieck's billfold from him. Both robbers then fled.

Lanfersieck immediately called his brother and a neighbor, and the men drove around the neighborhood to see if the robbers had been apprehended. About five minutes after the robbery, Lanfersieck saw the taller of the two men who had robbed the store in police custody, and demanded the return of his billfold. The police asked Lanfersieck to leave and he did so. At trial, Lanfersieck identified defendant as the taller robber.

Two police officers who had responded to a silent alarm at the store identified defendant at trial as one of the two men who ran from the store as the officers arrived. The officers arrested defendant and one Randy Keyes after pursuing them for several blocks. A revolver, the contents of the cash register, and Lanfersieck's billfold were recovered from the automobile in which defendant and Keyes were riding.

Defendant's first point on appeal contends that the trial court erred in permitting the prosecutor to ask the following question during voir dire:

Is there anyone now or in the past who has been employed in a business or occupation which would bring them into contact with the criminal justice system, or with people who are charged with of-fenses, or possibly have been convicted of offenses, or who are on probation. For example, obviously, someone who may have worked in the courthouse, or is a social worker, or a deputy juvenile officer, or a probation officer would be someone who deals with people who are placed on probation by the court; or parole or probation officers who supervise or have contact with persons who are paroled after they have gone to an institution.

Defendant argues that this question constituted advising the jury as to what the law was regarding probation and parole, and improperly suggested to the venire panel that the defendant would be eligible for probation or parole if convicted.

It is well established that the parties should be allowed a liberal latitude during voir dire to ensure that a fair and unbiased jury is selected. *See State v. Lumsden,* 589 S.W.2d 226, 229 (Mo.banc 1979). In the case at hand, it appears that the prosecuting attorney's question was directed toward discovering any possible bias by panel members as a result of contacts with the criminal justice system. This is an area of legitimate inquiry, and we do not believe that the inquiry in this instance went so far as to improperly advise the jury of the law or suggest defendant would be eligible for probation or parole.

Control of the voir dire examination rested within the sound discretion of the trial court, and "an appellate court will differ or interfere with the exercise of that discretion only when the record shows a manifest abuse of discretion and a real probability of injury to the complaining party." *State v. Scott,* 515 S.W.2d 524, 527 (Mo.1974). We find no abuse of discretion here.

In his second point, defendant contends that the trial court erred in permitting the victim, Robert Lanfersieck, to make an in-court identification of defendant because this identification did not have an independent source and was based on an impermissibly suggestive pretrial identification.

It is well settled that the police may properly allow a witness to view the suspect himself in custody at the scene of the arrest or of the crime. *State v. White*, 549 S.W.2d 914, 918 (Mo.App.1977). We therefore are not persuaded that Lanfersieck's gratuitous identification of defendant under arrest, made only minutes after the robbery and initiated by Lanfersieck himself, was impermissibly suggestive.

Lanfersieck testified that he looked at the taller robber when the robber stood across the counter, when the robber walked around the counter, and when Lanfersieck surrendered the billfold to him. Thus, even if Lanfersieck's pretrial observation had been improper, he nevertheless "had an independent basis to support his in-court identification." *State v. Dentman*, 588 S.W.2d 508, 511 (Mo.App.1979). Defendant's second point is denied.

As his third point, defendant contends that the trial court erred in not directing a verdict of acquittal at the close of all the evidence because there was no credible evidence to support a verdict and judgment in the charge of robbery in the second degree, in that the evidence established only that the defendant had an opportunity to commit an offense.

In reviewing the sufficiency of the evidence, we must view the facts in evidence, and all reasonable inferences from them, in the light most favorable to the state, and disregard all evidence and inferences to the contrary. *State v. Franco*, 544 S.W.2d 533, 535 (Mo.banc 1976), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). Section 569.030, RSMo 1978, provides that: "A person commits the crime of robbery second degree when he forcibly steals property." Here, Lanfersieck's eyewitness testimony that defendant was one of two men who entered the market, threatened him with weapons, and took approximately $350 from his custody was fully adequate to support the verdict and judgment in this case.

Although defendant stresses that Lanfersieck was himself previously convicted of a crime, this fact was merely one of many facts that the jury could weigh in assessing the credibility of the witnesses and did not render his testimony incompetent. *See State v. Washington*, 383 S.W.2d 518, 523 (Mo.1964). In addition, the fact that a cap allegedly worn by defendant and a knife allegedly carried by him during the robbery were never found, and the fact that Lanfersieck and one of the officers disagree as to what sort of cap the taller robber was wearing were discrepancies for the jury to consider and resolve, and did not render the state's evidence insufficient. *See State v. Newberry*, 605 S.W.2d 117, 121 (Mo.1980).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.