**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Henry Lee BELK, Defendant-Appellant.**

**No. 12372.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 7, 1982.

Motion for Rehearing Overruled and to
Transfer to Supreme Court
Denied April 19, 1982.

Application to Transfer Denied
May 17, 1982.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., Melinda Corbin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Presiding Judge.

Defendant Henry Lee Belk was jury-tried and convicted of two counts of rape in violation of § 566.030, RSMo 1978, and sentenced to consecutive 50-year sentences. He contends his in-court identification by the victim was unconstitutionally tainted by suggestive photographic and physical line-ups, that the trial court erroneously admitted and excluded certain evidence, and the court abused its discretion in overruling his motion for a continuance. We affirm.

The sufficiency of the evidence to sustain the convictions is not questioned. Defendant and Clifford Lee Gullett[1] were jointly charged and tried on counts of raping G.

G, accompanied by her two-month old son, was driving an automobile about 9:30 o'clock in the evening when a following automobile pulled alongside her car and forced her vehicle off the road. The other car stopped in front of G's automobile and two men got out of the car and approached her car. She was able to see the twosome as they walked in front of the headlights of her car. She was forcibly ravished by the two men. Later that night G viewed five photographs and identified defendant as one of her attackers. The next day she viewed a lineup of five men, including defendant, and again identified him. At trial, G identified defendant and Gullett as the two rapists.

Defendant contends the trial court erred in overruling his motion to suppress pre-trial and in-court identification by G because the manner and composition of the photographic display and the physical lineup were "so unnecessarily suggestive as to be conducive to irreparable misidentification, and tainted [the] in-court identification." He claims the appearance of the photographs and of the individuals comprising the physical lineup were so different that it was unlikely that G would have selected anyone but him.

■ We recognize that a pre-trial identification procedure can fail the constitutional test if it is so unnecessarily suggestive and conducive to irreparable mistaken identification so as to deny the accused due process of law *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Nevertheless, the procedure used at the pre-trial identification is to be measured and equated by the totality of the circumstances. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In this connection, consideration is to be given to (a) the presence of an independent basis of identification, (b) the absence of any suggestive influence by others, and (c) a positive courtroom identification. *State v. Holland,* 534 S.W.2d 590 (Mo.App.1976).

■■ In considering defendant's contention, we first note that defendant failed to object to his in-court identification by G and he cannot now properly assert the denial of his motion to suppress constituted reversible error. *State v. Abrams,* 597 S.W.2d 230 (Mo.App.1980). Furthermore, we have carefully reviewed the procedures utilized by the officers in the photographic array and lineup and find no hint of improper conduct or any attempt to influence G's identification of defendant. G, by viewing defendant in her headlights as he approached her car, had ample opportunity to observe the defendant. Her description of him to the investigating officer was generally accurate. She selected the photograph from among the five shown her almost immediately. She quickly identified defendant in the lineup and recognized his voice. Wholly apart from the photographs and lineup, she had a substantial independent basis of identification at trial and her testimony was positive and unequivocal. No other crime offers a greater opportunity for the observation of its perpetrator as does the crime of rape. *State v. Montgomery,* 596 S.W.2d 735 (Mo.App.1980). We find the pre-trial identification procedures were not

1. See *State v. Gullett,* 633 S.W.2d 454 (Mo.    App.1982).

unnecessarily suggestive and that G had an independent source of identification upon which to base her in-court indentification of defendant. The point is denied.

Defendant next complains that it was error for an officer to testify that G identified defendant as one of her attackers from the photographic display and lineup, citing *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972). This claim of error by the defendant overlooks the fact that no objection was made to this testimony and, consequently, the matter is not preserved for our review. *State v. Maxwell*, 502 S.W.2d 382 (Mo.App.1973). Furthermore, no prejudice could have resulted to the defendant because such testimony was merely cumulative to G's testimony concerning her pre-trial identification of defendant. Reversal is not mandated merely because testimony is erroneously admitted. *State v. Williams*, 602 S.W.2d 209 (Mo.App.1980).

We have reviewed defendant's remaining points and find no error calling for reversal.

The judgment is affirmed.

MAUS, C. J., and TITUS and FLANIGAN, JJ., concur.