STATE of Missouri,
Plaintiff-Respondent,

v.

Clifford Lee GULLETT,
Defendant-Appellant.

No. 12373.

Missouri Court of Appeals,
Southern District,
Division Three.

May 3, 1982.

John D. Ashcroft, Atty. Gen., Melinda Corbin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Raymond A. Klemp, Caruthersville, for defendant-appellant.

TITUS, Judge.

Clifford Lee Gullett, defendant-appellant herein, and Henry Lee Belk[1], were jointly tried and jury-convicted of two counts of rape. § 566.030, RSMo 1978. Defendant was sentenced to concurrent 50-year terms. Both defendants appealed.

On the night in question the victim, accompanied by her two-month old son, was driving towards her home in Steele, Missouri, when her automobile was overtaken and forced off the roadway by another car. The overtaking car stopped ahead of the victim's automobile and, aided by the burning headlights on her vehicle, the victim could see the two men who emerged from the car ahead as they walked back to her automobile. Upon arriving at the victim's

1. See *State v. Belk*, 632 S.W.2d 103 (Mo.App. 1982).

automobile, the two men forced her therefrom, led her to the passenger side thereof, knocked her to the ground and proceeded to rape her.

## I.

Defendant's first point relied on is that the trial court erred in overruling his motion to suppress pretrial and in-court identification of him by the victim. This is based on defendant's asseveration that the photograph and physical lineups viewed by the victim were so unnecessarily suggestive as to be conducive of irreparable misidentification and taint the in-court identification. It is, however, not suggestiveness, but rather reliability of the evidence premised on the "totality of the circumstances" which is the linchpin to determine admissibility of identification evidence. *State v. Carter*, 572 S.W.2d 430, 435[8] (Mo. banc 1978); *State v. Cole*, 519 S.W.2d 370, 372[1] (Mo.App.1975). Indicia of reliability based on the totality of the circumstances include the opportunity of the witness to observe the defendant during the crime, the accuracy of the descriptions, the certainty of the witnesses at the lineup, the length of time between the crime and the confrontation and the need for the police to determine at the earliest opportunity whether the person suspected is the person sought. *State v. McCreuiston*, 608 S.W.2d 460, 463[4] (Mo.App.1980). In deciding whether identification testimony or in-court identification should be allowed, consideration should be given to (1) the presence of an independent basis of identification; (2) the absence of any undue suggestiveness by others; and (3) a positive courtroom identification. *State v. Cole*, supra, 519 S.W.2d at 372[2].

Aside from the pretrial photographic and physical lineups, the victim herein had ample opportunity to form an independent basis of identification. She not only observed the two defendants in her burning headlights as they approached her automobile after forcing her automobile off the

road, but she precisely described the chronology of events after the defendants removed her from the car and proceeded to rape her. No other crime offers a greater opportunity for the observation of its perpetrator as does the crime of rape. *State v. Montgomery*, 596 S.W.2d 735, 738 (Mo.App. 1980). Defendant argues that the photographic lineup conducted the next day at the sheriff's office was unnecessarily suggestive because the photograph of defendant was in color and was slightly larger than the other photographs taken from the sheriff's file which were in black and white. Based on the evidence before us, we find no suggestiveness in the size, type, or color of the photographs nor in the manner in which the photographs were presented to the victim. *Mentek v. State*, 71 Wis.2d 799, 238 N.W.2d 752, 755[2–4] (1976). Moreover, the victim was unable to positively identify the defendant in the photographic array although she did so identify the defendant in the physical lineup. We find no taint of suggestiveness in this procedure. *People v. Rosa*, 93 Ill.App.3d 1010, 49 Ill.Dec. 480, 418 N.E.2d 124, 128[3] (1981). Finally, it must be duly noted, the victim did make a constitutionally firm in-court identification of both criminal defendants.

Based on the foregoing discussion we conclude that not only were the pretrial photographic and physical lineups not "unnecessarily suggestive as to be conducive to irreparable misidentification and tainted in-court identification," but under the totality of the circumstances, the evidence indicates a reliable and positive identification of defendant by the victim.

We deny defendant's first point.

## II.

■ Defendant's next assertion is that the trial court erred in permitting a deputy sheriff to testify the victim had identified defendant as being one of her attackers when she viewed the photographic and physical lineups after the victim had already so testified without being impeached. It is true that absent any impeachment of the victim's testimony with respect to extrajudicial identification or absent evidence of a prior inconsistent statement of the victim, the deputy's testimony that the victim had identified defendant in the physical and photographic lineups as being one of her attackers was hearsay and inadmissible. *State v. DeGraffenreid*, 477 S.W.2d 57, 63[13] (Mo.banc 1972). Nevertheless, even were this to be viewed as plain error under Rule 30.20, V.A.M.R., merely because the testimony would have been inadmissible, reversal is not mandated. Rule 84.13(b), V.A.M.R. During her testimony the victim properly testified anent her pretrial identification of defendant in the photographic and physical lineups as one of her attackers. *State v. Quinn*, 594 S.W.2d 599, 603[9] (Mo. banc 1980). In addition, the victim forcefully testified as to defendant's identity. Thus, in this case the victim had made two positive identifications of defendant before the deputy testified. In view of the certainty of the identification testimony of the victim, the deputy's testimony was both cumulative and harmless and does not require reversal. *State v. Williams*, 602 S.W.2d 209, 213[6] (Mo.App.1980).

## III.

Defendant's third point is that the "trial court erred in sustaining the State's Motion in Limine to preclude statements by defense witnesses that they had heard others admit committing the rapes charged because this evidence was an exception to the hearsay rule that it was a declaration against interests and thereby denied the defendant due process of law." Not only does the point, as written, neglect to identify the defense witnesses, but contrary to Rule 30.06(d), V.A.M.R., we are not informed "wherein and why" the evidence was an exception to the hearsay rule, "wherein and why" the evidence was a declaration against interest or "wherein and why" defendant was denied due process of law. Furthermore, we have no clue from the written point, nor from the argument portion of defendant's brief, as to what witnesses, if any, the court excluded from testifying. At trial codefense counsel pro-

duced three witnesses, who were voir dired outside the jury's hearing, and whom all agreed possessed no relevant or admissible evidence. Codefendant's lawyer then proffered an offer of proof that if two named persons were present, albeit neither had ever been successfully subpoenaed, they would testify that a Susy Bruster (spelled "Brewster" in defendant's brief) had said she was involved in the rapes with two named men and women. Subpoenas for the last mentioned three had been returned non est. If it be these three to whom defendant refers in his third point, it was most certainly not the court's sustension of the state's motion in limine which prevented their appearances and testimony at trial.

 In this state, as a general rule, third-party declarations against penal interests are not admissible exceptions to the hearsay rule in criminal proceedings. *State v. Turner*, 623 S.W.2d 4, 8[6] (Mo. banc 1981). Defendant seeks to circumvent the rule via *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). However, as noted in *Turner*, supra, *Chambers* expressly refused to hold that declarations against penal interests should unqualifiedly be admissible. Hearsay statements of guilt held admissible in *Chambers* were made under circumstances " 'that provided considerable assurances of their reliability' ", e.g., each spontaneous declaration was made to a close acquaintance and was corroborated by the declarant's sworn confession, eyewitness testimony concerning the crime, evidence that declarant was possessed of a gun immediately following the murder, etc. In the instant case no effort was made to demonstrate the purported statement attributed to Susy Bruster was uttered under any circumstances which could be said provided considerable assurances of its reliability. Defendant's third point is denied.

### IV.

 Defendant's penultimate point is that the trial court erred in overruling his and his codefendants' motions for a continuance after the state had presented evidence and rested because of the absence of defendants' wives and one Roger Avery as witnesses at trial. All three of the absent witnesses were represented as then being Tennessee residents. Counsel for defendants indicated the wives had been fully informed of the importance of their testimony and when and where the trial would be held but could offer the court no assurances that the wives would, in fact, ever appear at any time. No showing was made of any attempts to secure Avery's presence or that a continuance would insure his attendance. An application for a continuance because of absent witnesses is addressed to the sound discretion of the trial court whose ruling will not be disturbed on appeal unless an abuse of discretion is clearly shown. *State v. Oliver*, 572 S.W.2d 440, 445–446[1][2–4] (Mo. banc 1978). Under the conditions and circumstances present in this case at the time the motions were overruled, we find no abuse of discretion or any error on the part of the trial court in denying said motions.

### V.

 In toto, defendant's final point reads: "The trial court erred in allowing into evidence over Defendant's objection the photo of the Defendant that was used in the photo line-up because the photo was clearly a 'mug-shot' that Deputy Sheriff ... testified was in the sheriff file. The State had made a stipulation before the trial in compliance with the Defendant's motion in Limine that no such comment on Defendant Belk's character would be introduced into evidence if he did not testify because it would be irrelevant and unduly prejudicial to the Defendant Belk and especially the Defendant Gullett [defendant herein]." Initially we note our inability to understand the point as written, especially after reading the transcript and the argument portion of defendant's brief. The point is patently deceptive, albeit innocently so, because the complained of line-up photograph or "mug shot" was not a picture of defendant as represented by the point but, rather, was a photograph of the codefendant. Moreover, the point does not state

"wherein and why" defendant was prejudiced by the introduction of a "mug shot" of his codefendant, or when and how there was a comment on the defendant's character or, if so, "wherein and why" such a comment or introduction of the exhibit unduly prejudiced this defendant. We are not compelled to resort to the transcript nor the argument in a defendant's brief to come by the intendment of a point written in an abstract or conclusory fashion or to ascertain how an alleged error committed against a codefendant prejudiced the appealing defendant. *State v. Tsiboukas*, 584 S.W.2d 438, 439[1, 2] (Mo.App.1979); Rule 30.06(d), V.A.M.R. Moreover, and quite beside the point relied on, in the argument portion of his brief, defendant complains the trial court erred in not ordering a severance of defendant's trial from that of his codefendant. This complaint nowhere undertakes to explain why it is urged that two defendants jointly charged under § 566.030, RSMo 1978 were to be afforded the benefit of any exception pronounced in Rule 24.06, V.A.M.R., that defendants charged with rape shall be tried jointly. Suffice it to say, we have reviewed the point and find no error calling for reversal.

Judgment affirmed.

BILLINGS, P. J., MAUS, C. J., and FLANIGAN and PREWITT, JJ., concur.