**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David O. EDWARDS,
Defendant-Appellant.**

No. 44792.

Missouri Court of Appeals,
Eastern District,
Division 4.

March 1, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

James J. Knappenberger, Clayton, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

KELLY, Judge.

David Edwards, hereinafter appellant, was convicted in the Circuit Court of St. Louis County of rape § 566.030 [1] and sentenced to a term of eight years imprisonment in the custody of the Missouri Division of Corrections § 558.011.1(2); he appeals from the judgment.

---

1. All statutory references are to RSMo.1978.

No challenge is made to the sufficiency of the evidence to support the verdict of the jury and it is sufficient therefore to state that there was evidence from which the jury could find that appellant, on or about July 17, 1980, forcibly raped the victim in a wooded area of northwest St. Louis County.

On appeal five Points are presented to this court as grounds for reversal of the judgment and a remand to the trial court for a new trial. We affirm.

Appellant's first Point is that the trial court erred in denying his motion to dismiss for the failure of the state to bring him to trial within 180 days of the day upon which he was arraigned, August 22, 1980, as mandated by the Missouri Speedy Trial Act, § 545.780.

The record on appeal shows that appellant was arraigned on August 22, 1980, and trial on the charge was commenced on June 22, 1981—303 days after arraignment. All delays in the case were for continuances, and the court memoranda recording these continuances are on printed forms containing blanks wherein the reason for the continuances is to be filled in by the trial judge granting the continuance. In each continuance granted in this case, that part of the form wherein the reason why in granting the several continuances the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial have not been filled in and remain blank.[2]

Reconstructing the chronology of the case, sixty-two days expired between arraignment and the first continuance which was continued "at the request of the parties," without stating the reason for the Court's action. These sixty-two days are not excludable in computing the 180 days within which appellant was required to be brought to trial.

The next continuance was "at the request of the parties"; and according to *State v. Harris*, 639 S.W.2d 122, 125 (Mo.App.1982) the time occasioned by this continuance may not be excluded in computing the 180 day period following arraignment within which appellant should have been brought to trial because of the failure of the court to set forth its reasons for finding that the ends of justice served by taking such action outweigh the benefit of a speedy trial.

The next continuance, at the request of the State is not excludable, but the continuance of December 18, 1980, to January 12, 1981 was because appellant's trial counsel was unavailable for trial, and is excludable.

The time periods between the continuances of January 15, February 5, and May 29, 1981, are not excludable because general congestion of the Court's calendar is not grounds for a continuance under § 545.780.-3(5)(b).

The delay occasioned by the continuance of March 20, 1981, was occasioned by the prosecuting attorney being in trial all week;

**2.**

| Date | Total Days Elapsed | Event |
|---|---|---|
| 8/22/80 | | Arraignment |
| 9/16/80 | 25 | Motions to suppress confession Identification and physical evidence filed. |
| 10/23/80 | 62 | Continued at the request of the parties to 11/17/80. |
| 11/7/80 | 77 | Continued at the request of the State to 12/15/80. |
| 12/18/80 | 118 | Continued at the request of the defendant to 1/12/81. Reason: Defendant's attorney unavailable for trial. |
| 1/15/81 | 146 | Cause continued "for the parties to 2/2/81." Reason: "Not reached on the docket." |
| 2/5/81 | 167 | Cause continued "for the parties to 3/16/81." Reason: "Not reached on the docket." |
| 3/20/81 | 210 | Cause continued "at the request of both parties to 5/4/81." Reason: "P.A. in trial all week." |
| 5/6/81 | 257 | Cause continued at the request of both parties to 5/26/81. Reason: Both attorneys in trial on other cases. |
| 5/7/81 | 258 | Hearing on Motions continued by consent to be heard at time of trial. |
| 5/29/81 | 280 | Cause continued at the request of both parties of 6/22/81. Reason: "Not reached." |
| 6/22/81 | 303 | Trial |

and although the entry states the cause was continued at the request of the parties, the trial court failed to state the mandatory words, and this delay was clearly not occasioned by the appellant; therefore the forty five days between March 20 and May 6, 1981, cannot be charged to him and are not excludable.

The continuance of May 6, 1981, occasioned by the fact both the prosecutor and defense counsel were in trial in other cases, makes the 23 days intervening between that date and May 29, 1981, excludable.

However, the continuance of May 29, 1981, because of general court congestion in that the case was "not reached on the docket," must be included in the calculation of the time limitation imposed by the statute.

The total elapsed time between arraignment and trial is 303 days, but after deducting all of the excludable days mandated by § 545.780.3, there remains 252 days of nonexcludable time, or 72 days more than the 180 days permitted under the statute.

■ Nevertheless, the statute does not mandate dismissal merely upon a showing that more than 180 nonexcludable days had elapsed between arraignment and trial. The accused must further show, in support of his motion to dismiss on the grounds that the statute has not been complied with, that the failure to have the trial commence within the allowable statutory period *was occasioned* by the state. *State v. Franco,* 625 S.W.2d 596, 600[2] (Mo.1981); *State v. Hulsey,* 646 S.W.2d 881 (Missouri Court of Appeals, Eastern District, 1983).

■ Although nonexcludable in computing whether the 180 day limitation had been exceeded, for reasons we have stated hereinbefore, the continuance of October 23, 1980, "at the request of the parties," and the 15 day delay following was not occasioned by the state and, in considering appellant's motion to dismiss should not be chargeable against the state inasmuch as the appellant benefitted, or at least acquiesced in the granting of the continuance. *State v. Harris,* supra, 639 S.W.2d l.c. 125.

In two instances continuances were granted *"for the parties"* and one *"at the request of both parties"* for the reason the case was either *"not reached on the docket"* or *"not reached."* The total time involved in these continuances amounts to 87 days. If these delays were not occasioned by the state, then they may be considered as reducing the time between arraignment and trial, for purposes of appellant's motion, to 165 days—15 less than the maximum permitted.

We conclude, that since appellant consented to these continuances, and in the absence of anything in· the record to prove otherwise, we cannot say these delays totalling 87 days were occasioned by the state because appellant benefitted, or at least acquiesced in the granting of the continuances, *State v. Harris,* supra.

We believe that although the court did not justify on the record its action in so ruling, the record itself demonstrates appellant's speedy trial rights were not violated.

We, therefore, rule this Point against appellant.

Appellant's next Point brings to our attention alleged juror misconduct and the refusal of his request for a mistrial. The alleged misconduct was a conversation on an elevator in the courthouse between the juror and an investigator for the prosecuting attorney on the morning of the third day of trial. According to appellant's counsel he overheard the conversation and it made no reference.to the case; rather, the investigator, a male, said "hello" to the juror, a female, and they exchanged a couple of pleasantries about where she was parking and how she'd had problems finding a parking space. The prosecutor's investigator pulled out a wallet containing a badge, removed a card therefrom and while handing the card to the juror said; "Here, after this is over with ___." At about this time the elevator stopped and the investigator alighted.

Appellant's counsel felt certain the juror recognized the investigator as having some connection with the prosecuting attorney's office because during the course of the trial

he'd been seen with a box containing the state's exhibits.

After informing the trial court of the incident appellant's counsel requested a mistrial because of this conduct.

The trial court offered appellant's counsel the opportunity to talk with the juror or have her brought in for questioning, but that offer was rejected because appellant's counsel felt that would be more harmful than it would do good and what he'd reported was the extent of the conversation.

The trial judge thereupon denied the request for the mistrial.

■ As we understand appellant's argument, once this incident was reported to the trial court it became incumbent upon the trial court to conduct an evidentiary hearing to ascertain whether the juror's conversation was in violation of § 546.230 RSMo. 1978, and M.A.I.–CR 1.08, and, in the absence of an evidentiary hearing demonstrating that the alleged misconduct did not prejudice the defendant, to declare a mistrial.

Assuming, without deciding, that the trial judge under these circumstances should have conducted an evidentiary hearing on this question, no objection was lodged against the trial judge's proceeding as he did and this Point is not therefore preserved for review by this court. Rule 84.13(a) V.A.M.R.

■ Appellant's next Point is that the trial court erred in refusing his requested instruction on the lesser included offense of Assault Third Degree, § 565.070. This Point has not been preserved for review because appellant failed to comply with the requirement of Rule 30.06(e) V.A.M.R. that if a Point relates to the giving or refusal of an instruction such instruction shall be set forth in full in the argument portion of the brief. The refused instruction has not been set forth in his brief in this Court, and therefore any error, if such there was, is not preserved for review by this court.

Appellant contends that the trial court erred in overruling his motion to suppress identification. He argues that a "show-up" held shortly after the incident was so unnecessarily suggestive as to be conductive to an irreparably mistaken identification.

We disagree.

■ The victim, at the scene, gave the police a detailed description of her assailant and of the truck he was driving. Her description was broadcast over the radio and heard by the police officer who stopped appellant at Interstate 70 and Lucas & Hunt Road within thirty minutes of the perpetration of the crime. Appellant was returned immediately, handcuffed, to the area on the side of Interstate Highway 70 near the St. Charles Bridge and within a couple hundred yards from where the rape took place. At this time the victim was seated in a police vehicle and as appellant was brought near the vehicle she identified him as the rapist. It was "dusk" at that time, but not dark.

It is not improper for the police to immediately return a recently apprehended suspect to the scene of the crime for possible identification by one who has seen the perpetrator of the crime minutes earlier. *State v. Floyd,* 617 S.W.2d 498, 501[4] (Mo. App.1981); *Simms v. State* 568 S.W.2d 801, 803[2] (Mo.App.1978). Nor is a show-up necessarily tainted because the suspect was handcuffed, or in or near a police car at the time, or uniformed police officers were present. *State v. Johnson,* 628 S.W.2d 904, 908[2] (Mo.App.1982).

We do not believe the identification of appellant as the culprit was, under these circumstances, tainted.

■ Furthermore, there was an independent basis for the victim's in-court identification of the appellant. Under the totality of the circumstances the identification was reliable, *State v. Gullett,* 633 S.W.2d 454, 455[1] (Mo.App.1982), and an in-court identification which is based on a recollection independent of the pretrial show-up will be deemed proper. *State v. Kirk,* 636 S.W.2d 952, 955[9] (Mo.1982).

The victim here had more than ample time and opportunity to observe appellant

as they were driving about and during the commission of the crime. At trial her identification of appellant was positive. Under the circumstances in this case the statement in *Gullett,* supra, 633 S.W.2d at p. 456 that, "No other crime offers a greater opportunity for the observation of its perpetrator as does the crime of rape," is most appropriate.

We hold that there is no merit to this Point.

Appellant's final Point lumps together a number of incidents which occurred during voir dire examination, examination of the victim, closing argument which he contends taken individually and cumulatively constituted prosecutorial misconduct entitling him to a mistrial.

■ The first of these has to do with an attempt by the assistant prosecuting attorney to discern during the voir dire examination of the prospective jurors whether a woman who accepts a ride in an automobile with someone she does not know is thereby extending an invitation to the driver of the vehicle to rape her.

The assistant prosecuting attorney, in our opinion, did not engage in prosecutorial misconduct in this respect. He made three attempts to propound this question to the jury panel and each time appellant's objection to the question was sustained "as to the *form* of the question." It is clear we think that this was a good faith effort by the assistant prosecuting attorney to ascertain whether the prospective jurors would be prejudiced or biased against the prosecuting witness by the mere fact that she entered appellant's car although she did not know him prior to that time. His efforts to phrase the question in the form the trial court demanded does not constitute misconduct under the circumstances and the denial of appellant's motion for a mistrial was not error.

■ The second incident occurred during the state's re-direct examination and in the following context. Defense counsel developed from the prosecuting witness that while she was with appellant, but prior to the rape, appellant had stopped at a liquor store and that she had smoked a "joint." The prosecutor commenced his re-direct examination as follows:

"Oh my God, Sharon, are you telling this court and this jury that you smoke marijuana?"

Before the witness had an opportunity to answer the question, appellant's objection "to the form of the question" was sustained.

When asked if she'd smoked marijuana before, the prosecuting witness replied that she had and the prosecutor again stated "Oh my God ___."

Appellant's counsel said "I object," and requested permission to approach the Bench, where, out of the hearing of the jury, the trial court sustained the objection and warned the prosecutor that any more outbursts of that kind would bring about a mistrial and perhaps a contempt citation. Appellant's request for a mistrial was made and denied and the jury was instructed to disregard the prosecutor's last statement.

Appellant categorized the prosecutor's conduct as "theatrics"; and well it might have been. However, we find it difficult to conceive how appellant was prejudiced by the failure of the trial court to grant a mistrial. We do not believe these incidents were so grievous that the prejudicial effect, if any, could not be removed in any other way than the granting of a mistrial. *State v. O'Neal,* 618 S.W.2d 31, 35 (Mo.1981). We believe the trial court was in a better position to gauge what impact, if any, the prosecutor's "theatrics" had on the jury and hold that its failure to order a mistrial was not error.

■ The next incident took place during this same re-direct examination when the prosecutor inquired of the victim whether she had ever been arrested for anything and she replied in the negative. After the witness answered, appellant's counsel stated an objection and, at the bench, out of the hearing of the jury, stated the basis of his objection was that it was an attempt on the part of the prosecutor to impeach his own

witness and it was nothing he'd brought up in his cross-examination of the witness. The trial court sustained his objection but denied his request for a mistrial.

We believe, in the absence of a claim of surprise, appellant's objection lacked timeliness. He did not interpose an objection until after the answer was in, and the general rule is that an objection must be made at the earliest opportunity or it will be held to have been waived. *Galovich v. Hertz Corporation,* 513 S.W.2d 325, 336[12] (Mo. 1974). In *Doherty v. St. Louis Butter Company,* 339 Mo. 996, 98 S.W.2d 742, 747[9] (Mo.1936) it was held that where the questions asked were not misleading and the answers were responsive appellant could not wait and hear the answer and then pose his objection, because the objection came too late.

Nevertheless, appellant's objection was sustained and that was more than he was entitled to.

The next grounds appellant raises is directed at alleged misconduct by the prosecutor during argument, and the trial court's denial of his motion for mistrial.

■ The first incident was occasioned by the prosecutor arguing that if the knife used in the perpetration of the rape were a little larger he could ask the jury for more than fifteen years under the law.[3] Before appellant's trial counsel stated the reason for his objection the trial court sustained it and instructed the jury to disregard the prosecutor's statement. Again, out of the hearing of the jury the prosecutor was admonished and threatened with a contempt citation if there were "any additional outbursts." The trial court again denied appellant's motion for a mistrial, and the prosecutor apologized.

The jury was instructed that if it found the appellant guilty of rape it should assess his punishment at imprisonment for a term of years not less than five years and not to

exceed fifteen years. By its verdict the jury assessed his punishment at eight years, hardly any indication it was prejudiced against the appellant by this argument of the prosecutor.

We hold that there was no error in the trial court's denial of appellant's motion for mistrial.

■ Finally, appellant contends the assistant prosecuting attorney made a direct comment on the appellant's failure to testify and the trial court erred in failing to sustain his motion for mistrial.

From the portion of the trial transcript supplied us we find that the assistant prosecutor was arguing the old cliche that where counsel doesn't have the facts on his side he argues the law, and vice versa. At this point defense counsel stated, "I'll object to him not arguing the facts to the jury. Now this is improper closing argument." Appellant's objection was sustained.

The prosecutor continued:

"I don't think this is silly. Mr. Knappenberger talked to you about the weight of the evidence. What's to weigh. This story has only one side. You only heard one side because there is only one side."

Appellant's counsel, out of the jury's presence, moved for a mistrial because it was, he argued, a comment on the appellant's failure to testify.

The prosecutor argued that this line of argument was in retaliation to defense counsel's argument that "there's two sides to every story and you have heard one side." The trial court too recollected appellant's argument in that vein and therefore denied the motion for mistrial.

There is nothing in the record to demonstrate that this line of argument was not retaliatory, as the trial court concluded. Under these circumstances the argument is more akin to that line of cases which permit

**3.** The knife used in the commission of this rape was not filed as an exhibit with this Court for our inspection. We surmise, however, that this argument was directed at paragraph 2 of § 566.030 making rape during the course of

which a deadly weapon is displayed in a threatening manner a Class A felony punishable at a term of years not less than ten years and not to exceed thirty years, or life imprisonment.

the prosecutor to argue the "uncontradicted evidence is," where, as here the defendant has offered no evidence. *State v. Robinson,* 641 S.W.2d 423, 426[4] (Mo. banc 1982); *State v. Sims,* 639 S.W.2d 105, 110[14] (Mo. App.1982). The trial court has wide discretion in controlling the scope of argument and, as in *Robinson,* supra, we believe the trial court determined that the State's argument responded to appellant's argument and did not directly or certainly refer to appellant's failure to testify.

We rule this Point against appellant.

Judgment affirmed.

PUDLOWSKI, P.J., and SMITH, J., concur.