STATE of Missouri, Respondent,

v.

Karl Harlan TAYLOR, Appellant.

No. 46608.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 17, 1984.

**270**

Robert J. Mauer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of first degree robbery, a violation of § 569.020, RSMo.1978. In accordance with the punishment assessed by the jury, the trial court sentenced defendant to ten years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence, and hence the facts are briefly stated. On November 27, 1981, at approximately 5:30 p.m., two men entered the Oasis Drive-In in St. Louis. One, later identified as defendant, brandished a gun and instructed the victim to lie on the floor. The victim was handcuffed and the two men proceeded to take the victim's wallet and remove $500.00 from the cash register.

Police were summoned and the victim described his assailants. On November 30, 1981, the victim attended two line-ups. At the first, the victim identified a man with a crooked nose as a participant in the robbery. In the second line-up, the victim positively identified defendant as the gun-wielding robber. Voice identification procedures when then utilized, and the defendant was again identified. At trial the victim's identification of defendant was equally unequivocal.

On appeal, defendant's principal complaint is that he was entitled to dismissal of the charges against him because, in violation of § 545.780, RSMo.1978, he was not brought to trial within 180 days of his arraignment. Defendant was arraigned on December 30, 1981; his trial commenced October 22, 1982—295 days later.

Delays in bringing defendant to trial were attributable to numerous continuances and to the period during which defendant's motion was under submission. In this regard, the record shows that on January 26, 1982[1], the cause was continued at the re-

---

1. To determine the time elapsed during each continuance, we count from the date on which each continuance was filed with the trial court, as stamped on the document and/or indicated

quest of defendant until February 22—27 days later. Again on March 2, the cause was continued at defendant's request until March 22. The stated reason for the latter 20 day delay was that the disposition in defendant's case had not yet been worked out. The memoranda granting these continuances were on printed forms. That portion of the forms wherein the reason why in granting the continuances the ends of justice served by taking such action outweigh the best interest of the public and the defendant remain uncompleted.

There followed three continuances: March 26, 1982 to April 26 (31 days); May 3 to June 7 (35 days) and June 10 to July 26 (46 days). Each continuance was granted "at the request of the parties," and the reason given for each was "lack of time this jury week." Again, the court failed to detail its reasons for finding that the ends of justice served by taking such action outweigh the benefit of a speedy trial.

On June 28, 1982, defendant filed a pro se motion to dismiss alleging failure to bring him to trial in a speedy manner.

Then on July 22, 1982, defendant was granted a continuance to August 9—an extension of 14 days beyond the previous continuance to July 26. The court's memorandum states that this continuance was granted because "the disposition was not worked out."

During the pendency of this continuance, a new attorney entered the case on July 27, 1982. This attorney was associated with the same office, and hence the change apparently resulted in no delay.

Thereafter, on July 28, 1982, defense counsel filed a motion to suppress identification of defendant. This motion was heard and overruled on September 9, 1983. Therefore, 43 days elapsed during which defendant's motion was under submission, 31 of which extended beyond the previous continuance to August 9.

in the court's minute entry. We note that at times the filing date varies from that handwritten on the top of the continuance form. We

While defendant's motion was under consideration, defendant was granted another continuance lasting until September 13, 1982—or 4 days beyond the day that defendant's motion was overruled. On the form provided for such purposes, the court specifically noted that both parties had consented to the delay and found that the ends of justice served by the continuances outweighed the benefits of a speedy trial.

On October 20, 1983, defendant's motion to dismiss the charges was heard and overruled; defendant's trial commenced the same day.

■ To determine the allowable time to bring defendant to trial, any "delay for hearing pretrial motions is excludable under Section 545.780.3(1)(c), without the necessity of further findings by the trial court." *State v. Franco,* 625 S.W.2d 596, 599 (Mo. 1981). Similarly excludable is the time attributable to continuances for which the court finds that the ends of justice outweigh the benefits of a speedy trial. § 545.780.3(5)(a), RSMo.1978. Therefore, in order to avoid overlapping, 31 of the 43 days during which defendant's motion to suppress identification was under submission must be excluded as must the 4 days beyond that attributable to defendant's continuance. After doing so, there remain 260 days of nonexcludable time, or 80 more than the 180 permitted by the statute.

■ Defendant would have this court believe that his case must be dismissed since the time elapsed exceeds the 180 day statutory period. However, this court addressed the same issue in *State v. Edwards,* 650 S.W.2d 655 (Mo.App.1983). Our holding in that case is equally applicable to the matter before this court.

[T]he statute does not mandate dismissal merely upon a showing that more than 180 nonexcludable days had elapsed between arraignment and trial. The accused must further show, in support of his motion to dismiss on the grounds that the statute has not been complied with,

use the minute entries for the sake of consistency; doing so makes no difference in the outcome of the case.

that the failure to have the trial commence within the allowable statutory period *was occasioned* by the state. *State v. Franco,* 625 S.W.2d 596, 600[2] (Mo. 1981); *State v. Hulsey,* 646 S.W.2d 881 (Missouri Court of Appeals, Eastern District, 1983).

*Id.* at 658 (emphasis original).

■ Here, the record clearly indicates that continuances were granted at the defendant's request on January 26 (27 days), March 2 (20 days), and July 22, (14 days) 1982. Although the orders contained none of the findings required by § 545.780.-3(5)(a), RSMo.1978, and thus are nonexcludable, we fail to find evidence that these delays, attributed by the court to defendant, were in fact occasioned by the state. Accordingly, we count this time amounting to 61 days against defendant for the purposes of his motion. *State v. Edwards,* 650 S.W.2d at 658; *State v. Harris,* 639 S.W.2d 122, 125 (Mo.App.1982). After doing so, there remains 199 days of nonexcludable time, or 19 more than the 180 permitted by the statute.

■ The time elapsed before defendant's trial also includes three continuances granted "to the parties" because of "lack of time this jury week." These continuances were, March 26 to April 26 (31 days), May 3 to June 7 (35 days) and June 10 to July 6 (46 days). Although these periods are similarly nonexcludable to determine whether the 180 day limitation has been exceeded, our holding in *Edwards* resolves any doubt as to whether these delays are occasioned by the state. This court stated in *Edwards:*

In two instances continuances were granted "*for the parties*" and one "*at the request of both parties*" for the reason the case was either "*not reached on the docket*" or "*not reached.*" The total time involved in these continuances amounts to 87 days. If these delays were not occasioned by the state, then they may be considered as reducing the time between arraignment and trial, for purposes of

appellant's motion, to 165 days—15 less than the maximum permitted.

We conclude, that since appellant consented to these continuances, and in the absence of anything in the record to prove otherwise, we cannot say these delays totalling 87 days were occasioned by the state because appellant benefitted, or at least acquiesced in the granting of the continuances. (citations omitted).

*State v. Edwards,* 650 S.W.2d at 658 (emphasis original).

The defendant attempts to distinguish *Edwards.* We find no significant differences.[2] Therefore, we have concluded that the defendant, as in *Edwards,* consented to these continuances and thus that the delays were not occasioned by the state.

In his second point, defendant contends that the court erred in refusing to grant a continuance so that he might obtain personal clothing before proceeding to trial. The court denied the request and proceeded to trial while defendant was clothed in a bright orange jumpsuit. The defendant wore this clothing during voir dire and the presentation of state's evidence, which included photographs of defendant's line-up and depicted defendant in the orange jumpsuit. During the remainder of trial, defendant wore his personal clothing. When defendant's request was refused, the court noted that the jury panel was assembled outside the courtroom and ready to be sworn in, and further noted that defense counsel knew, at the very latest the prior day, that defendant's trial would commence on that day.

■ The issue raised by defendant was addressed by this court in *State v. Wright,* 632 S.W.2d 296 (Mo.App.1982), and, as we held under similar circumstances in *Wright,* we can find no error in the court's action.

■ Lastly, defendant raises various allegations of what he terms "prosecutorial misconduct," and contends that the trial court committed plain error in failing to

**2.** While the opinion in *Edwards* does not state whether the signatures of counsel appear on the orders, our examination of the record, *Lem-* *mon v. Continental Casualty Co.,* 350 Mo. 1107, 169 S.W.2d 920, 924 (1943), establishes that they do not, as is true in this case.

grant a mistrial because of this conduct. As defendant concedes, these contentions were not raised in defendant's motion for new trial. Rule 29.11(d). We have examined defendant's contentions and find no error, much less plain error. Rule 30.20.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.