**STATE of Missouri, Respondent,**

v.

**Michael A. JONES, Appellant.**

**No. WD35016.**

Missouri Court of Appeals,
Western District.

March 27, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 29, 1984.

Joseph H. Locascio, Mimi Droll, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNE-DY and LOWENSTEIN, JJ.

PER CURIAM:

The defendant Michael Jones was convicted by jury of second degree burglary, § 569.170 R.S.Mo.1978 and stealing, § 570.-030 R.S.Mo.Supp.1983. He received seven years imprisonment on each count, the sentences to run concurrently. The defendant does not challenge the sufficiency of the evidence against him. The salient facts are as follows.

On December 27, 1982, at approximately 4:00 p.m., Richard Meloy returned to his apartment in Grandview. He had been gone for about four hours. He found his apartment door ajar, the wood surrounding the lock chipped and the door's metal frame bent. Inside he discovered the following property missing: a stereo tuner, a turntable, a stereo amplifier, a cassette deck, headphones, an equalizer, a clock radio, a Vivitar flash, a 35mm camera, a 150mm lens, a 50mm lens, a 28mm lens, a sensor camera adapter, several lens filters and cases, a pair of brown leather gloves, a brown suitcase, a sweater, a calculator and case, two Skippy peanut butter jars filled with pennies, a silver Cascio watch and a gold Hamilton watch.

At approximately 3:45 p.m. that same day, Kansas City, Missouri police officers Rubenstein and Herrera were conducting a routine patrol at 68th and Prospect. The officers ran a computer check on the license plate of a hatchback-style AMC Gremlin and discovered that the license plate was registered to a Buick. They stopped this car being driven by the defendant for a traffic violation.

As the officers approached the car, they saw various stereo and camera equipment, a brown leather suitcase and other items "thrown around" in the back of the car. Officer Rubenstein asked the defendant to whom the property belonged. The defendant replied that the property, except the suitcase, was his and that he had been partying all weekend with it. He said the suitcase belonged to his passenger, William Lovett.

The officers ran a computer check on the defendant and Lovett. It revealed a felony

warrant had been issued for Lovett; the officers arrested him. They subsequently searched the car for weapons or other contraband and found therein a Grandview city sticker application bearing Richard Meloy's name and Grandview address. Officer Rubenstein, through his dispatcher, had the Grandview police check whether a crime had occurred at Meloy's address. The Grandview police advised the officers that a burglary had occurred there and that stereo equipment had been taken. The defendant and Lovett were arrested for burglary. During a patdown search of the defendant, Officer Rubenstein recovered a silver Cascio watch and a gold Hamilton watch from the defendant's coat pocket. All the rest of Meloy's property that had been stolen was found in the defendant's car.

Gregory Pruitt, a detective with the Grandview police department, interviewed the defendant in connection with his investigation of the burglary. The defendant told Pruitt that on the day of the burglary, Lovett had contacted him at home and asked him to pick up Lovett at the Holiday Apartments. When the defendant arrived there, he saw Lovett standing in the hallway of the building that had been burglarized. Lovett then carried out some stereo equipment and began putting it into the defendant's car. The defendant said Lovett told him that the property belonged to Lovett. When Detective Pruitt questioned the defendant about the two watches found in his pocket, the defendant denied any knowledge of them.

At trial, the defendant sought to introduce testimony by Detective Pruitt concerning a statement which Lovett made to Pruitt. Lovett's unavailability as a witness was established when he refused to testify by asserting his Fifth Amendment privilege. *State v. Turner*, 623 S.W.2d 4, 8 n. 4 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). The state raised a hearsay objection to Pruitt's testimony; whereupon, the defendant made an offer of proof concerning Lovett's statement. The trial court rejected the offer. In his sole point on appeal, the defendant argues the trial court erred in not allowing Detective Pruitt's testimony because co-defendant Lovett's statement to him constituted an admissible declaration against Lovett's penal interest.

According to the defendant's offer of proof, Detective Pruitt would testify that Lovett told him; 1) that the defendant did not participate in the theft but merely acceded to Lovett's request for a ride; 2) Lovett had carried all the stolen items to the defendant's car in one trip; and 3) Lovett knew nothing about the watches recovered from the defendant's pocket.

■ As a general rule, third-party declarations against penal interest are not admissible in criminal proceedings. *State v. Turner, supra, State v. Hodge*, 655 S.W.2d 738, 742 (Mo.App.1983); *State v. Gullett*, 633 S.W.2d 454, 457 (Mo.App.1982). In discussing the effect of *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the Missouri Supreme Court in *State v. Turner, supra*, determined that statements against penal interest are admissible only where "substantial indicia of reliability appear *and declarant's complicity if true would exonerate the accused.*" *State v. Turner, supra*, at 9 (emphasis by the court). *Chambers v. Mississippi, supra*, does not help the defendant as it does not stand for the proposition of the unqualified admissibility of hearsay statements of guilt. There the witness was in court and if called by Chambers his testimony was "vouched" for. The witness' hearsay statements had other corroborated assurances of trustworthiness. As noted in *Turner*, the *Chambers* declarations were corroborated by "substantial, reliable evidence." The defendant claims that the proffered statement falls within this exception to the hearsay rule.

The defendant relies upon *State v. Carroll*, 629 S.W.2d 483 (Mo.App.1981) for support. In *Carroll*, this court held that it was reversible error to exclude the subject declaration against penal interest. The testimony of several witnesses in *Carroll* corroborated the excluded statement, and the

statement, if true, fully exonerated the defendant. The court termed the case a close one and could not say with any degree of certainty what the jury (which, after 4¾ hours of deliberation was given the "hammer instruction" and returned to deliberate for more than an additional 1½ hours) would have done had it heard the challenged testimony.

■ In the instant case, there was no corroborating testimony or evidence to support the statement's reliability nor would Lovett's statement, if true, exonerate the defendant. This case was not a close one. The jury deliberated less than one hour.

As reflected in the defendant's offer of proof, Lovett told Detective Pruitt that Lovett had been the only one involved in the burglary and that the defendant merely provided him with transportation at Lovett's request. Lovett said he carried all of the stolen items to the defendant's car in only one trip. He also denied any knowledge of the stolen watches found in the defendant's coat pocket.

The excluded testimony in itself is suspect, and the defendant made no effort to demonstrate its reliability. *State v. Gullett, supra,* at 457. The items recovered from the defendant's car included several pieces of stereo and camera equipment as well as numerous other items. Officer Rubenstein testified that it was impossible for one person to carry the recovered stolen items in a single load. In addition, because Lovett claimed to have no knowledge of the stolen watches found on the defendant's person, Lovett's statement did not exculpate the defendant and were not inconsistent with the defendant's guilt. The proffered declaration does not meet the exception to the hearsay rule as described in *State v. Turner, supra.* The point is denied.

The judgment is affirmed.