**STATE of Missouri, Respondent,**

v.

**Dennis MAULDIN, Appellant.**

**No. 47139.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1984.

Timothy F. Devereux, Clayton, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of driving while intoxicated. He appeals after the court fined him $100.00.

On appeal, defendant raises three points, one of which requires reversal, to-wit: failure to bring him to trial within sixty days after a declaration of mistrial, in violation of § 545.780.4, RSMo.1978. Defendant's conviction came in his second trial, the first having ended in mistrial. On August 18, 1982, the court both granted the mistrial and set a new trial date of October 20, 1982—62 days later. No activity occurred in the case between August 18, 1982 and October 20, 1982. Prior to his second trial, defendant moved for dismissal, in compliance with Section 545.780.4; his motion was denied.

Section 545.780.4 concerns trial after a declaration of mistrial. It provides:

If the defendant is to be tried again following a declaration by the trial judge of a mistrial ..., the new trial shall commence within *sixty days* from the order of the judge declaring a mistrial ..., except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date of the order if unavailability of witnesses or other factors resulting from passage of time shall make trial within sixty days impractical.

§ 545.780.4, RSMo.1978 (emphasis added).

We can find nothing in the record of the present case which indicates that the availability of witnesses or other factors made trial within sixty days impractical, *see State v. Yingst*, 651 S.W.2d 641 (Mo.App. 1983), nor did the court offer any suggestions to this effect to explain the October 20, 1982 trial date. Indeed, at the pretrial hearing on this matter, the court observed that without even considering the numerous delays which followed the initial trial date of October 20, the matter appeared to be untimely.

The law is that periods of delay are excludable in calculating the time to bring defendant to trial if they fall under the scope of § 545.780.3(1) or if the court makes a record showing that the ends of justice outweigh the benefits of a speedy trial, § 545.780.3(5)(a). Even if not excludable, the accused must further show that the failure to have trial commence within the allowable statutory period was occasioned by the state. *State v. Taylor*, 664 S.W.2d 269 at 271–272 (Mo.App.1984); *State v. Edwards*, 650 S.W.2d 655, 658 (Mo.App.1983). Delays are not considered occasioned by the state where the defendant acquiesced or benefitted from the delay of his trial. *State v. Taylor*, at 272–273; *State v. Edwards*, 650 S.W.2d at 658.

However, here we are presented with a case set at the time of mistrial to be heard again at a time beyond the statutory limits. It is well settled that the state shoulders the responsibility of bringing defendant to trial under § 545.780, RSMo. 1978. This was the interpretation given this statute in *State v. Richmond*, 611 S.W.2d 351, 355 (Mo.App.1980). Defendant bore no responsibility to bring himself to

trial, and thus possessed no affirmative duty to inform the court of the consequences of its action in setting trial for October 20. Trial of this matter became untimely according to the provisions of § 545.780.4 after October 18, 1982, when the sixty days elapsed from the date of mistrial.

Between August 18 and October 20, defendant took no action which would delay trial from the date initially set by the court. This matter is thus distinguishable from that presented where trial is set to be heard in a timely manner, but is delayed due to continuances or other pre-trial matters. Under the latter circumstances, it is only proper to consider the source of the delay. It is equally appropriate to not count the time against the state where the defendant benefits or acquiesces to delay of his timely set trial. That is not the case here. We have no evidence that defendant played any part in setting the new trial date for October 20, 1982. Although he can be held accountable for subsequent continuances, he bears no responsibility for initially bringing himself to trial.

In accordance with the provisions of § 545.780.5, we must remand this case to the trial court with instructions that the court order the dismissal of the case either with or without prejudice.

Reversed and remanded.

KAROHL, P.J., and CRANDALL, J., concur.